NAKINA REALTY COMPANY, Respondent, vs. CITY OF MILWAUKEE, Appellant.*

*September 12—October 22, 1946.*

* Motion for rehearing denied, without costs, on December 18, 1946.

356

For the appellant there were briefs by *Walter J. Mattison,* city attorney, *John Decker,* assistant city attorney, and *Ronold A. Drechsler,* special assistant city attorney, and oral argument by *Mr. Drechsler.*

For the respondent there was a brief by *Shaw, Muskat &* *Paulsen* of Milwaukee, and oral argument by *Martin R.* *Paulsen.*

Rosenberry, C. J. The following is an abbreviated statement of facts admitted, which was read to the jury:

Prior to March 29, 1926, East Kilbourn avenue, then called Biddle street, from what is now North Prospect avenue to the Milwaukee river was eighty feet wide between the street or property lines; and West Kilbourn avenue, then called Cedar street, from the Milwaukee river to North Sixth street, was eighty feet wide, and from North Sixth street to North Ninth street was seventy feet wide. There was no bridge across the river connecting Biddle street with Cedar street.

On June 21, 1926, the common council of the city by resolution directed the condemnation of property along the south side of Cedar street needed to widen said Cedar street from North Sixth street to the river an additional fifty feet, and of property along the north side of Biddle street from the river to North Broadway an additional fifty feet, to make the street one hundred thirty feet wide between street lines.

The city acquired such additional fifty feet and constructed a substantial bridge over the river connecting Cedar and Biddle streets, which was opened for public use on June 15, 1929, with a roadway sixty feet in width.

On March 15, 1937, the common council of the city by resolution adopted a plan for the completion of the widening of East and West Kilbourn avenues between North Ninth street and North Prospect avenue. At that time between North Sixth street and North Broadway said East and West Kilbourn avenues were one hundred thirty feet wide between their street lines; from North Sixth to North Ninth streets it was seventy feet wide and from North Broadway to North Prospect it was eighty feet wide. Under said plan West Kilbourn avenue was widened by the acquisition by the city on or before November 3, 1940, of property needed on both the north and south sides thereof to a width between its street lines, of 361.44 feet at the west line of North Sixth street and 378.72 feet at the east line of North Ninth street; and East Kilbourn avenue was widened by the acquisition by the city on or before November 3, 1940, of the property needed on the north side thereof to a width between its street lines of one hundred thirty feet at the east line of North Broadway to the west line of North Jackson street; one hundred forty feet from the east line of North Jackson street to the west line of North Van Buren street; one hundred fifty-one feet at the east line of North Van Buren street to two hundred feet at the east line of North Cass street; two hundred feet from the latter line to the middle of the block between North Marshall and North Astor streets, and from the latter point to North Prospect

avenue, to a width of three hundred twenty feet by acquiring land on both the north and south sides of East Kilbourn avenue between said points.

The enlarged strip has been in public use since August 11, 1941. An assessment of benefits was made for the improvement of the above-described streets by the common council on October 21, 1940. Notice of the confirmation of the assessment was given October 23, 1940, and the city, on November 3, 1940, became the owner of the land theretofore not acquired to complete the widening.

The amount assessed against the property of Nakina on account of improvement was $11,400. The land against which the assessment was made was described as lot 3, block 55, plat of the town of Milwaukee, etc., consisting of one hundred fifty feet on West Kilbourn avenue and fifty feet deep on North Fourth street.

Before any widening of what is now West Kilbourn avenue was made, the north line of Nakina's property was fifty feet south of the then Cedar street. Nakina owned lot 3 and lot 2, which was to the north of lot 3. Lot 2 was taken for the widening of Cedar street and is now a part of West Kilbourn avenue. The assessment, the amount of which is in issue in this case, was made for the widening of East and West Kilbourn avenue between North Ninth street and North Prospect avenue and the construction of the bridge across the Milwaukee river at East and West Kilbourn avenue. In this connection it should be borne in mind that the benefits derived from the widening of Biddle street and Cedar street and the construction of the bridge connecting Cedar and Biddle streets are not involved in this proceeding.

Sec. 10, ch. 275, Laws of 1931 (as amended by ch. 179, Laws of 1937), is the section under which the appeal in this case is taken. Sec. 10 (2) provides:

"The appeals shall be tried as ordinary issues of fact are tried in said circuit court, the form of the issue being subject to the direction of the court. . . ."

The case was tried to a jury. The following question was submitted to the jury:

"By what fair and reasonable amount, if any, did the completed widening of Kilbourn avenue between North Ninth street and Juneau Park and the construction of the bridge across the Milwaukee river at said Kilbourn avenue, specially benefit, or increase on October 21, 1940, the fair market value of appellant's property described as [description] ?"

To this question the jury answered: "None."

After the rendition of the verdict Nakina by its attorneys requested the court to make findings of fact and conclusions of law in accordance with the requested findings of fact and conclusions submitted to the court by Nakina. This was done for the purpose of removing any doubt as to the purely advisory character of the verdict of the jury. In response to the request of Nakina, the court made the following finding of fact:

"The completed widening of Kilbourn avenue between North Ninth street and Juneau Park . . . and the construction of the bridge across the Milwaukee river at said Kilbourn avenue, did not specially benefit or increase the fair market value of appellant's property described as lot No. 3, block No. 55, plat of the town of Milwaukee," and as conclusions of law, the court found:

"The Nakina Realty Company is entitled to . . . judgment in its favor adjudging and determining that said widening of Kilbourn avenue and the construction of said bridge has not created any special benefit to the above-described property."

As already stated, judgment was duly entered.

The city's brief states that twelve questions are involved. We shall not separately treat all of these questions. Question 11 is as follows:

"Is the verdict contrary to law, contrary to the evidence, perverse and the result of bias, and should a new trial have been granted by the trial court?"

While counsel concludes the brief with the statement that the judgment should be reversed because the verdict is contrary to law, contrary to the evidence, perverse and the result of bias, that question is not argued. We have examined the evidence received in this case and it is considered that the evidence abundantly sustains the verdict of the jury and the findings of the trial court.

Error is also assigned because the court, upon the request of Nakina, made and filed findings of fact and conclusions of law. If this was error, we are utterly unable to see how the city was in any way prejudiced by it nor do we think it necessary to here determine whether it was error. The court evidently made findings out of an abundance of caution and in response to counsel's request.

Upon the trial the court admitted in evidence the consideration paid the city for a small parcel of land that it had acquired by tax deed.

Sec. 75.68, Stats., as amended, is as follows:

"*Consideration in sale of land for nonpayment of taxes.* Any county or any city therein authorized by charter to sell and purchase land for nonpayment of taxes may sell or dispose of land acquired by it by tax deed or deed of foreclosure on tax certificates, or by quitclaim deed or by any other means, and not needed by it for public use, for a consideration in amount the same as or more or less than the full value which could ordinarily be obtained therefor at a private sale. The amount of such consideration shall not affect the determination, in any other proceeding, of such full value of such property or of any comparable property similarly situated."

This section was created by ch. 386, Laws of 1939.

During the course of the trial the city introduced evidence which related to a sale, a purchaser, a seller, and the property, but did not offer evidence as to the sale price. The city was

the seller, the purchaser was Nakina, and the property was a small piece 20x50 feet in the vicinity of lot 3. Counsel for the city stated that this evidence was introduced for the purpose of showing that Nakina is still interested in owning property on Kilbourn avenue, that is all. The court asked counsel "also to show that they were interested in buying," to which counsel responded: "Yes, that would follow."

Later in the trial Nakina offered evidence as to the amount of the purchase price, to which objection was made. The court overruled the objection on the ground that the subject had been gone into and the witness testified that the purchase price was $3,000. The admission of this evidence was assigned as error. We think the trial court was not in error in admitting this testimony. The city wanted the benefit of the transaction so far as it was helpful to it. Having introduced in evidence a part of the transaction, the court was clearly right in holding that Nakina had a right to introduce the remainder. The city tries to escape the result by showing that Nakina had first introduced evidence to the effect that certain parcels of land in the vicinity of the property in question had been allowed to go to sale for taxes. We do not see upon what ground it can be held that this evidence which relates to a matter of public record in any way affects the question of the admissibility of the evidence as to the price of the 20x50 foot lot over which the controversy between counsel occurred.

We do not need to and do not in this case construe sec. 75.68, Stats. There may be some question as to whether sec. 75.68 relates to the admissibility of evidence or its weight after it has been received.

Other errors are assigned, most of which relate to matters which were clearly within the discretion of the trial court. We have examined these assignments and find no prejudicial error.

*By the Court.*—Judgment affirmed.

The following opinion was filed December 18, 1946:

ROSENBERRY, C. J. (*on motion for rehearing*).   In its motion for rehearing, the appellant calls attention to what it contends is a misstatement of the facts.   In the opinion, it is said:

"In this connection it should be borne in mind that the benefits derived from the widening of Biddle street and Cedar street and the construction of the bridge connecting Cedar and Biddle streets are not involved in this proceeding."

It appears, however, that the questions submitted to the jury and the findings of fact made by the court involved the question of benefits due to—

"the completed widening of Kilbourn avenue between North Ninth street and Juneau Park and the construction of the bridge across the Milwaukee river."

It is therefore unnecessary for us to determine the contentions of the appellant on this motion for the reason that any and all benefits due to the completed widening of Kilbourn avenue, etc., were fully considered both by the jury and the court and the statement complained of is withdrawn.

*By the Court.*—Motion denied without costs.