Soo Line Railroad Company, Appellant, v. City of Neenah, Respondent.

*No. 215. Argued September 3, 1974.—Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 907.)

666

For the appellant there were briefs by *Whyte, Hirsch-boeck, Minahan, Harding & Harland, S. C.,* and *Reginald W. Nelson,* all of Milwaukee, and oral argument by *Mr. Nelson.*

For the respondent there was a brief by *Duane G. Philis,* city attorney, and oral argument by *Daniel P. Murphy,* city attorney.

DAY, J. Sec. 75.65, Stats. 1955,[1] now sec. 66.64, is the statutory authority for levying special assessments for sanitary sewer installation against railroad property.

Since 1912 the law of Wisconsin has been that a railroad is subject to special assessments for sewers laid

---

[1] "75.65 **Special assessments for local improvements.** The property of every county, city, village, town, school district, sewerage district or commission, sanitary or water district or commission, or any public board or commission within this state, and of every corporation, company or individual operating any railroad or street railway, telegraph, telephone, electric light or power system, or doing any of the business mentioned in chapter 76, and of every other corporation or company whatever, shall be in all respects subject to all special assessments for local improvements and certificates and improvement bonds therefor may be issued and the lien thereof enforced against such property in the same manner and to the same extent as the property of individuals. . . ."

along its right-of-way for benefits derived "in its general relations and apart from its particular use." *Chicago, M. & St. P. R. Co. v. Milwaukee* (1912), 148 Wis. 39, 44, 133 N. W. 1120. This court in the *Chicago Case,* page 44, held the predecessor to sec. 75.65, Stats. 1955, ch. 425, Laws of 1903, was an " 'express and unambiguous declaration' " by the state legislature " 'upon a subject over which it had full power, which closes the question.' " This court cited as authority *Louisville & N. R. R. Co. v. Barber Asphalt Co.* (1905), 197 U. S. 430, 25 Sup. Ct. 466, 49 L. Ed. 819, which was a challenge under the Equal Protection Clause of the United States Constitution by a railroad against a special assessment under a Kentucky statute for a street improvement laid along its right-of-way. Just as Soo Line does here, the railroad in *Louisville* said there was no benefit to the railroad from the improvement. The court said the question of benefit or no benefit to the land shall be considered simply on its general relations and apart from its particular use; ". . . it is enough that the land could be turned to purposes for which the paving would increase its value." 197 U. S. at 435. The court held the Equal Protection Clause was not violated.

In *Superior v. Lake Superior T. & T. R. Co.* (1913), 152 Wis. 389, 391, 140 N. W. 26, this court disposed of another challenge by a railroad to the special assessment statute and said it was settled in this state that railroad property is subject to assessment for local improvements as is private property. In considering the benefits resulting from such improvement, railroad property is to be considered, not in reference to its present use but "with reference to its adaptability for other and general uses in the future," 152 Wis. at 391.

The adaptability for other and general uses in the future of the land in the case at bar is made clear by the stipulation of the parties at the time that the matter was heard in circuit court. It was stipulated that:

"The sixty-six (66) foot right of way of the Soo Line Railroad Company can be utilized for building if the tracks were removed, since the City of Neenah Zoning Ordinance has since—at least since—May 1, 1954 provided that in Industrial District No. B the building setback line shall not be less than ten (10) feet, and that there shall be a rear yard of not less than twenty-five (25) feet, except where other loading or unusual loading facilities are made available no rear yard is required."

It is clear that for such type use the sanitary sewer would be of benefit.

Thus for over sixty years, this court and the United States Supreme Court have recognized the authority of the legislature to declare that railroad property is subject to assessment for special improvements, the same as the property of individuals. Our court and the United States Supreme Court have said it is proper, in spite of the ordinary long-term commitment to present right-of-way use, to look to adaptability for other uses in the future and assess benefits accordingly. As Mr. Justice HOLMES said in the *Louisville Case,* "On the question of benefits the present use is simply a prognostic, and the plea a prophecy." 197 U. S. at 435.

In the case at bar, it was stipulated that though the sewer in question was a trunk sewer, the railroad company right-of-way was not assessed for the full depth and pipe size, but was only assessed for the depth and pipe size necessary to service the property and on the same basis as the property situated on the west side of Harrison Street.

Neenah declared that the amount assessed was the "benefit."

The record shows three parcels on the west side of Harrison Street were assessed at $558, $5,437.40, and $2,697, respectively, for a total of $8,692.40. The railroad was assessed $8,630.40. On the facts in this record, we find nothing unfair in the manner in which the assess-

ment was divided between the occupants of the east and west sides of Harrison Street.

The railroad has cited a number of cases for the proposition that assessments must be for a benefit and if in excess of the benefit it violates the provision in the constitution prohibiting the taking of property without just compensation. The principle cited is sound, but in view of the adaptability of the property in the case at bar to other uses, as shown by the stipulation, the principle is not offended.

At no time did the railroad come forward with evidence that the use to which the property could be put would not be benefited by the installation of the sewer, nor did it present evidence that $8,630.40 was in excess by any particular amount or percentage of the actual benefit to be derived, based on adaptability.

The burden was on Soo Line to show that the assessment was not based on benefit. In *Wright v. Forrestal* (1886), 65 Wis. 341, 350, 27 N. W. 52, this court held that in a challenge to an assessment on the basis that it was not levied according to benefits, the burden of proof is on the plaintiff and the presumption is that the officers proceeded regularly and performed their duties until the contrary is made to appear by competent evidence. Soo Line in this case did not present such evidence. It did by way of stipulation present evidence of sizable expenditures on the right-of-way in the area and equipment in connection therewith to show the unlikelihood of voluntary abandonment. This did not constitute evidence of nonadaptability for other purposes in the future, nor did it constitute evidence that the benefits the sewer would provide were less than the amount assessed.

The railroad argues it was entitled to a judicial determination of the existence of benefits and the amount thereof, citing *Bekkedal v. Viroqua* (1924), 183 Wis. 176, 197, 198, 196 N. W. 879, 197 N. W. 707, at length to the

effect that a property owner is entitled to a judicial trial upon the question of whether or not the amount of special assessment levy exceeds the benefit. In the case at bar, the court was effectively precluded from making such a specific finding because the entire fact situation was stipulated to and no evidence was stipulated to or offered by the railroad to establish what the benefit would be to the property if the tracks were removed and it was turned to other use.

The railroad also quotes extensively from *Owatonna v. Chicago, Rock Island & Pacific R. Co.* (8th Cir. 1971), 450 Fed. 2d 87, 88–90. This case does not support the position taken by the railroad in the case at bar. In the *Owatonna Case,* the city of Owatonna assessed the railroad $35,392.50 for street improvements along 4,719 feet of railroad right-of-way which was 100 feet wide. In challenging the amount of assessment compared to the benefits received, the railroad produced an expert witness who testified that if that 100 by 4,719 feet of railroad right-of-way was converted into 100 foot residential lots that the cost of preparing such individual lots for sale in view of the market value of such individual lots resulted in the street improvement not enhancing the value of the parcel as much as it was assessed. The city of Owatonna put in no evidence, relying on the presumption of regularity. The trial court agreed with the city. The appeal court reversed, citing the testimony of the expert and ordered a reassessment.

This is the very type of evidence the railroad did not produce in the case at bar. The *Owatonna Case* does not support the position of the railroad but on the contrary militates against it.

The trial court in this case was really left to answer only one question: Can railroad property be subject to special assessment for sanitary sewer even though the sewer is of no immediate benefit to the railroad? The trial court correctly held that it can.

Neenah contends that because the judgment in this case was drafted by the railroad and mailed to the court with a request that it be entered that there was no need for the city to serve a notice of entry of judgment to reduce the time for appeal from six to three months. We do not agree. Sec. 274.01 (1), Stats.,[2] is clear that unless a notice of entry is served, the time for appeal is six months from the date of entry of judgment. The railroad appealed within the six-month period.

*By the Court.*—Judgment affirmed.

[2] "274.01 Supreme court; writs of error and appeals; when taken. (1) Except as otherwise provided the time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record is limited to 3 months from service of notice of entry of such judgment or order or, if no notice is served, to 6 months from date of entry. . . ."