CHRISTENSON, and others, Appellants, v. CITY OF GREEN BAY, Respondent.

*No. 780 (1974). Submitted on briefs April 12, 1976.—Decided May 4, 1976.*
(Also reported in 241 N. W. 2d 193.)

For the appellants the cause was submitted on the brief of *Joseph A. Hoida* and *Berk, Pressentin & Hoida* of Green Bay.

For the respondent the cause was submitted on the brief of *Richard G. Greenwood,* city attorney, and *Mark A. Warpinski,* assistant city attorney.

ROBERT W. HANSEN, J. The issue raised on this appeal is whether the city here was estopped from making a reassessment of the properties here involved.

In its original assessment procedure, brought under sec. 66.60, Stats., the city had failed to allege that the properties involved were benefited.

Because of such failure to comply with the statute, particularly sec. 66.60 (3) (d), Stats., the circuit court set aside the original assessment.

In setting aside such assessment because of such defect, the circuit court gave the city the option to reassess under sec. 66.60 (10), Stats.

This the city did, but its reassessment is challenged by appellants on the ground that the city was estopped from reassessing under the decision of this court in *Thomas v. Waukesha* (1963), 19 Wis. 2d 243, 120 N. W. 2d 58.

In the *Thomas Case* the city had failed to file a statement or schedule, as required by sec. 66.60 (3) (d), Stats., that the work on the improvement "constituted an exercise of the police power."

In *Thomas* this court held that ". . . the procedural steps of sec. 66.60, Stats., are jurisdictional and failure to conform to the procedural steps of the statutes is fatal to the exercise of the police power." (*Id.* at page 250.)

In *Thomas* this court stated one issue to be ". . . whether the city by proceeding under sec. 66.60, Stats., without filing a statement under sec. 66.60 (3) (d), is now precluded from making an assessment under the police power for the street improvement in question." (*Id.* at page 248.)

In *Thomas,* addressing itself to this issue, this court noted that the resolution of the common council of the city there involved indicated that the sole basis for the assessment was the general taxing power, not the police power.

In *Thomas* this court concluded that the city was acting under the taxing power and not the police power and that the city "proceeded under sec. 66.60, Stats., to the exclusion of other methods it may have employed." (*Id.* at page 250).

In *Thomas* this court held in essence that the city had elected to assess on the basis of benefit only and was precluded on appeal from contending that its assessments were made under the police power. Thus the city there was estopped from asserting on appeal its police power after having elected to proceed solely on the basis of its taxing power.

No such attempt to proceed under the police power after having elected to proceed under the taxing power is involved in the case before us. What is here involved is the right of the city, under the option granted by the circuit court, to start over, using the correct procedure for exercise of its police power under sec. 66.60, Stats., where its original assessment attempted on the same basis under the same statute had been found to be procedurally invalid.

The circuit court found that sec. 66.60, Stats., made provisions for exactly this ability to go back and start over in sub. (10) which provides in relevant part: ". . . whenever any assessment is void or invalid for any reason, . . . it [the governing body] is empowered, after giving notice as provided in sub. (7) and after a public hearing, to amend, cancel or confirm any such prior assessment, and thereupon notice of the resolution amending, canceling or confirming such prior assessment shall be given by the clerk as provided in sub. (8) (d)." We agree that this sub. (10) does provide for exactly what the circuit court permitted as an option and for what the city, in fact, here did. The holding in *Thomas* does not cover nor control the situation here presented. Subsection (10) of sec. 66.60 does apply and

does control. The circuit court was empowered to grant to the city the option of reassessing the property, and the city was entitled under sub. (10) to reassess the property following the procedures required by sec. 66.60.

*By the Court.*—Judgment affirmed.