IN RE INSTALLATION OF STORM SEWERS, ETC.: BERKVAM, Appellant, v. CITY OF GLENDALE, Respondent.†

*No. 75-572. Argued June 1, 1977.—Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 521.)

† Motion for rehearing denied, with costs, on August 24, 1977.

For the appellant there was a brief and oral argument by *Clyde M. Paust,* of Milwaukee.

For the respondent there was a brief and oral argument by *George D. Prentice,* Glendale city attorney, of Milwaukee.

ROBERT W. HANSEN, J.   Assessments against abutting property owners may be made in this state for ". . . special benefits conferred upon such property by any municipal work or improvement."[1]  Such assessment may be made under the general taxing power of city, town or village, provided that, where the route of reliance upon taxing power is used, the amount assessed against any property for any work or improvement ". . . shall not exceed the value of the benefits accruing to the property therefrom."[2]

[1] Sec. 66.60(1)(a), Stats.
[2] Sec. 66.60(1)(b), Stats.

Alternatively, such special assessments may be based upon an exercise of the police power of city, town or village, provided that ". . . the assessment shall be upon a reasonable basis as determined by the governing board of the city, town or village."[3]

Sec. 66.60, Stats., further provides: "Prior to the exercise of any powers conferred by this section," the governing body (of city, town or village) "shall declare by preliminary resolution its intention to exercise such powers for a stated municipal purpose."[4] Such resolution, the statute prescribes, in addition to other requirements, shall ". . . direct the proper municipal officer or employe to make a report," such report to include "(c) An estimate, as to each parcel of property affected, of: 1. The assessment of benefits to be levied. 2. The damages to be awarded for property taken or damaged. 3. The net amount of such benefits over damages or the net amount of such damages over benefits."[5]

However, where the work or improvement constitutes an exercise of the police power, the requirement of an estimate is to be replaced by a schedule of the proposed assessments, with the only requirement being that there be included, "A statement that the property against which the assessments are proposed is benefited."[6]

Appellant alleges levying of a special assessment pursuant to the police power is inappropriate, at least where the abutting property is ". . . assessed for an improvement in a greater amount than it is benefited."[7] Appellant claims police power is available only to combat a harmful use or condition emanating from the property,

---

[3] *Id.*

[4] Sec. 66.60(2), Stats.

[5] Sec. 66.60(2) and sec. 66.60(3)(c), Stats.

[6] Sec. 66.60(3)(d), Stats.

[7] *See: Lamasco Realty Co. v. Milwaukee*, 242 Wis. 357, 390, 8 N.W.2d 372, 8 N.W.2d 865 (1943).

or the threat thereof. She contends that while the state may take property by eminent domain because it is useful to the public, it may take property under the police power only because it is harmful.[8]

If viewed as a general attack upon any police power basis for the levying of a special assessment, the contention of appellant must be rejected. Many years ago this court upheld an earlier statute[9] permitting assessment of abutting landowners for sidewalk improvements, describing such assessments to be ". . . really an exercise of the police power."[10]

Soon thereafter, this court again recognized that a city can construct a sidewalk and properly charge the expense against the adjacent lot ". . . under the exercise of the police power."[11] The rationale of these sidewalk improvement cases was also applied quite early to the levying of special assessments for sewer construction, this court holding, ". . . assessments against adjoining property are not limited to benefits received where such assessments are properly made under the police power."[12]

Thus, sec. 66.60, Stats., did not originally establish or create the right in this state to levy assessments for municipal improvements against abutting property own-

[8] See: Just v. Marinette County, 56 Wis.2d 7, 201 N.W.2d 761 (1972), quoting Freund, The Police Power, sec. 511, pages 546, 547, "'. . . it may be said that the state takes property by eminent domain because it is useful to the public, and under the police power because it is harmful . . . .'"

[9] Sec. 1346a, Stats.

[10] Lisbon Avenue Land Co. v. Town of Lake, 134 Wis. 470, 475, 113 N.W. 1099 (1908).

[11] Eierman v. Milwaukee, 142 Wis. 606, 609, 126 N.W. 53 (1910).

[12] Chicago, Milwaukee & St. P. Ry. Co. v. Janesville, 137 Wis. 7, 12, 118 N.W. 182 (1908). See also: Fort Howard Paper Co. v. Fox River Heights Sanitary Dist., 250 Wis. 145, 26 N.W.2d 661 (1947).

ers as an exercise of police power. Instead, it established certain required procedures and preconditions to assessments levied pursuant to the police power.

This court has implicitly upheld the validity of sec. 66.60 provisions for assessment levies as an exercise of the police power. In the first case so recognizing this power—the *Thomas Case*—[13] dealing with an assessment for pavements and sidewalks, this court found the city estopped from proceeding on a police power basis after failing to meet procedural requirements of sec. 66.60 in levying assessment under its taxing powers. In *Thomas,* our court held sec. 66.60 to set forth two alternative routes to the levying of special assessments, to wit:

"The first of which provides that the property must be benefited and the assessment cannot exceed the value of such benefit and the second provides that when making such an assessment in the exercise of its police power the assessment must be upon a reasonable basis as determined by the city's governing body, common council."[14]

More recently in the *Christenson Case,*[15] where the city sought to start over on a police power basis having failed to comply with sec. 66.60 requirements in an earlier attempt—also made as an exercise of the police power—this court found no estoppel, stating:

"What is here involved is the right of the city, under the option granted by the circuit court, to start over, using the correct procedure for exercise of its police power under sec. 66.60, Stats., where its original assessment attempted on the same basis under the same statute had been found to be procedurally invalid."[16]

While the *Thomas* and *Christenson* holdings agree that proceeding under police power in levying a special assess-

---

[13] *Thomas v. Waukesha,* 19 Wis.2d 243, 120 N.W.2d 58 (1963).
[14] *Id.* at 248, 249.
[15] *Christenson v. Green Bay,* 72 Wis.2d 565, 241 N.W.2d 193 (1976).
[16] *Id.* at 568.

ment is an option granted cities, towns and villages by sec. 66.60, Stats., neither case deals with the procedural requirements and conditions set forth in sec. 66.60 for such assessment. Nor have other decisions of this court dealt with limitations under sec. 66.60 as to police power-based assessments, although some have clarified the sec. 66.60 requirements as to special assessments based on the taxing power.[17]

Thus, we now turn to the requirements of sec. 66.60 where a city, town or village proceeds to levy a special assessment for munipical improvements against abutting property owners as an exercise of its police powers. Sec. 66.60 makes clear that the two primary requirements for an assessment levied on a police power basis are: (1) That it be made "upon a reasonable basis as determined by the governing body of the city, town or village,"[18] and (2) that it be accompanied by a required report including, "A statement that the property against which the assessments are proposed is benefited."[19] Respondent city submits that to comply with the second requirement ". . . the mere statement that the property assessed is benefited is sufficient."[20]

If this construction is adopted, the requirement of benefits would be read out of the statute. What would be required is only a "statement" as to benefits, not the existence in fact of "benefit" or "benefits." That goes too far. We do not see legislative enactment or intent to be limited to insisting that a mere statement made by the assessing municipality will suffice whether true or false, with or without foundation in fact.

---

[17] *Molbreak v. Village of Shorewood Hills*, 66 Wis.2d 687, 696, 225 N.W.2d 894 (1975); *Nakina Realty Co. v. Milwaukee*, 249 Wis. 355, 24 N.W.2d 610, 25 N.W.2d 257 (1946).

[18] Sec. 66.60(1)(b), Stats.

[19] Sec. 66.60(3)(d), Stats.

[20] Respondent's Brief at page 6.

Rather, the legislature required for an assessment made under the police power: (1) That the assessment must be reasonable; and (2) that the property assessed must be benefited. We hold that the fact of benefiting is required to be established as well as the reasonableness of the basis on which the assessment is made. As one state supreme court has stated, referring to an assessment statute: "[T]he statute does [not] prescribe a specific method for apportioning costs. Where such is the case, the municipality may adopt any plan that is fair and equitable and such that will bring about an assessment in proportion to the benefits accruing."[21]

The contrary interpretation of the statute—making the fact of benefiting the property assessed irrelevant—would give substance to appellant's claim that police power assessments constitute a restriction, here an assessment, upon a citizen's property to create a public benefit, without reference or regard to any consequent benefit to the property owner restricted or assessed. We do not see sec. 66.60, Stats., as so providing.[22]

---

[21] *Mullins v. City of El Dorado,* 200 Kan. 336, 436 P.2d 837, 844 (1968).

[22] *See, e.g., Just v. Marinette County, supra,* n. 8, at 16. *See also: Bino v. Hurley,* 273 Wis. 10, 76 N.W.2d 571 (1956); *Petkus v. State Highway Comm.,* 24 Wis.2d 643, 648, 130 N.W.2d 253 (1964), holding:

"Special benefits are distinguished from general benefits in that they differ in kind rather than in degree from those which accrue to the public generally." *Hietpas v. State,* 24 Wis.2d 650, 656, 130 N.W.2d 248 (1964) holding:

"Special benefits accruing to land not taken in eminent-domain proceedings, which may be set off against damages if they enhance the market value immediately after taking of the land remaining, include physical improvements to the land, imminent adaptability of the land to a higher and better use from an economic standpoint because of proximity to the public improvement; and immediate adaptability by reason of proximity to the

So construing and applying the provisions of sec. 66.60, Stats., we reject respondent's contention that this assessment under the statute can be made without consideration given to whether or not appellant's property was benefited by the improvements made. We reject as well respondent's contention, concurred in by the trial court, that the mere filing of a statement as to benefits being conferred is all that the statute proscribes regarding benefit to the property involved.

Taking the *via media* course between these two positions leads us to conclude that disposition of this case, at the summary judgment stage, was in error. It is true that the appellant here challenged only the basis of power of the assessment levied against her rather than the fact of being benefited or the reasonableness of the assessment levied. However, at the most, the result here is that the issues in this case were not fully tried, so under the provisions of sec. 251.09, Stats., in the interest of justice we reverse and set aside the trial court judgment granting summary judgment to the respondent city, and remand the case for trial.

*By the Court.*—Judgment reversed and cause remanded with directions for further proceedings not inconsistent with this opinion.

---

improvement to a use which was relatively remote in point of time before the taking, even though such use may have, to some degree, affected the market value of the land."