113 Wis.2d 112 (1983)
334 N.W.2d 580
IN RE the MATTER OF the CONSTRUCTION OF CONCRETE SIDEWALKS IN the FOURTH ADDITION TO CHEROKEE PARK PLAT (Third Addition):
Joseph F. PRELOZNIK, Dolores A. Buchler, Joseph R. Dixon and Jeanne B. Snodgrass, et al., Appellants,
v.
CITY OF MADISON, Respondent.
IN RE the MATTER OF the CONSTRUCTION OF STANDARD STREET IMPROVEMENTS ON LOT 276, IN the FOURTH ADDITION TO CHEROKEE PARK PLAT (Third Addition):
Joseph F. PRELOZNIK, Dolores A. Buchler, Joseph R. Dixon, Jeanne B. Snodgrass and Richard R. Hoholik, Appellants.
v.
CITY OF MADISON, Respondent.
No. 81-1150.
Court of Appeals of Wisconsin.
Argued February 24, 1983.
Decided April 26, 1983.
*115 For the appellants there were briefs by Joseph Preloznik and Preloznik & Associates of Madison, and oral argument by Joseph F. Preloznik.
For the respondent there was a brief by Henry A. Gempeler, city attorney, and James M. Voss, assistant city attorney, and oral argument by James M. Voss, assistant city attorney.
Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.
GARTZKE, P.J.[1]
As authorized by sec. 66.60(12) (a), Stats., appellants appealed to the circuit court from the special assessments by the City of Madison in 1979 against their properties for sidewalks. They seek appellate review of an order dismissing those appeals on the city's motion for summary judgment. We conclude that summary judgment dismissing the appeals was inappropriate because an issue of material fact exists. We therefore reverse.
[1]
Summary judgment is governed by sec. 802.08, Stats. Its purpose is to determine whether a dispute can be resolved without a trial. Summary judgment methodology must be followed by an appellate court as well as the *116 trial court. Board of Regents v. Mussallem, 94 Wis. 2d 657, 674, 289 N.W.2d 801, 809 (1980).
[2-4]
Under that methodology, the court, trial or appellate, first examines the pleadings to determine whether claims have been stated and a material factual issue is presented. If the complaint (in these consolidated cases, the notice of appeal to the circuit court) states a claim and the pleadings show the existence of factual issues, the court examines the moving party's affidavits for evidentiary facts admissible in evidence or other proof to determine whether that party has made a prima facie case for summary judgment. To make a prima facie case for summary judgment, a moving defendant must show a defense which would defeat the claim. If the moving party has made a prima facie case for summary judgment, the court examines the affidavits submitted by the opposing party for evidentiary facts and other proof to determine whether a genuine issue exists as to any material fact, or reasonable conflicting inferences may be drawn from the undisputed facts, and therefore a trial is necessary. Grams v. Boss, 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476-77 (1980).
[5, 6]
Summary judgment methodology prohibits the trial court from deciding an issue of fact. The court determines only whether a factual issue exists, resolving doubts in that regard against the party moving for summary judgment. Grams, 97 Wis. 2d at 338-39, 294 N.W. 2d at 477.
[7]
Before applying that methodology, we note that the city installed the sidewalks and levied the assessments under sec. 66.60, Stats. When proceeding under that statute, a city must elect either to use its taxing power or its police power. Thomas v. Waukesha, 19 Wis. 2d 243, *117 248-49, 120 N.W.2d 58, 62 (1963). The city used its police power. The common council's resolution directing the improvements and levying the assessments provides that the work "represents an exercise of the police power" of the city.
Section 66.60(1)(b), Stats., distinguishes an assessment levied under the taxing power from one levied under the police power, in that:
The amount assessed against any property for any work or improvement which does not represent an exercise of the police power shall not exceed the value of the benefits accruing to the property therefrom, and for those representing an exercise of the police power, the assessment shall be upon a reasonable basis as determined by the governing body of the city, town or village.
Section 66.60(3) requires different reports to the municipal governing body depending on which power is used. If the municipality proceeds under its taxing power, the report must include an estimate as to each parcel of the benefits, damages, and net benefits over damages or net damages over benefits. Sec 66.60(3)(c). If it proceeds under its police power, sec. 66.60(3)(d) requires:
A statement that the property against which the assessments are proposed is benefited, where the work or improvement constitutes an exercise of the police power. In such case the estimates required under par. (c) shall be replaced by a schedule of the proposed assessments.
[8]
Relying on sec. 66.60(1)(b) and (3) (d), Stats., In re Installation of Storm Sewers, 79 Wis. 2d 279, 287, 255 N.W.2d 521, 525 (1977), held that an assessment made under the police power must be reasonable and the property assessed must be benefited. The court said: *118 We hold that the fact of benefiting is required to be established as well as the reasonableness of the basis on which the assessment is made. As one state supreme court has stated, referring to an assessment statute: "[T]he statute does [not] prescribe a specific method for apportioning costs. Where such is the case, the municipality may adopt any plan that is fair and equitable and such that will bring about an assessment in proportion to the benefits accruing."
79 Wis. 2d at 287, 255 N.W.2d at 525 (footnote omitted).
Consequently, if a genuine issue exists as to the material fact of benefit to the appellants' properties, the motion for summary judgment must be denied. Sec. 802.08(2), Stats. With these principles in mind, we apply summary judgment methodology.
Appellants alleged in their amended appeals to the circuit court, so far as is pertinent, that the city's exercise of its police power was arbitrary and capricious, that their properties will not be benefited by the sidewalks and will be reduced in value, that they have been denied equal protection of the law because other areas in the city have higher traffic flow and pedestrian traffic but properties in those areas have not been specially assessed for sidewalks, that appellants will be forced to grade their properties and to construct retaining walls, and that installing sidewalks on their properties takes their properties for public use without just compensation. The appeals to the circuit court state claims because they assert that appellants' properties were not benefited. We do not decide whether a claim is stated on another ground.
The city's responsive pleadings as to each appeal consist of a statement of proceedings and return of all papers in the matter, both later supplemented. Section 66.60(12)(a), Stats., requires the city to file the statement and return and does not contemplate an additional responsive pleading, such as an answer. Section 66.60 *119 (12)(a) and (b), read together, provide that after the statement and return is filed, the appeal shall be tried in the same manner as cases originally commenced in circuit court. Accordingly, we deem the statement and return to controvert the factual allegations in the appeals, including the allegations as to lack of benefit. The pleadings therefore show that a factual issue exists. We turn to the city's motion.
The city's motion for summary judgment states that it is based on several documents, which we review as follows:
[9]
The first group of documents consists of the appellants' appeals and amended appeals filed in circuit court and an "amended notice of appeal of special assessment," and the city clerk's statement of proceedings and return, as supplemented. These documents constitute the parties' pleadings. The summary judgment statute requires the moving party to present evidentiary facts  "something besides the allegations in the pleading." McCluskey v. Thranow, 31 Wis. 2d 245, 253, 142 N.W.2d 787, 791 (1966) (footnote omitted). The pleadings do not provide evidentiary facts to support or oppose a motion for summary judgment. Milwaukee County v. Schmidt, 38 Wis. 2d 131, 138-39, 156 N.W.2d 493, 497 (1968). We will not take the pleadings into account at this stage of summary judgment analysis.
It is true that much of the city's case at the trial may consist of or be based on the material contained in the return: e.g., engineering reports to the board of public works and common council, and the resolution to install improvement and levy assessments. We cannot, however, permit the city to support its motion for summary judgment by wholesale incorporation of its statement of proceedings and return. That would convert the appeal to circuit court to a hybrid certiorari review supplemented *120 by affidavits. That is not the intent of sec. 66.60 (12)(b), Stats., which provides, "Such appeal shall be tried and determined in the same manner as cases originally commenced in such court, and costs awarded as provided in s. 893.80."
The city's motion for summary judgment is also based on its answers to appellants' first and second sets of interrogatories. No specific answer is referred to in the city's motion. The answers embrace 160 full or partial pages. We will not search 160 pages for information relevant to the motion. Compare Commercial Disc. Corp. v. Milw. Western Bank, 61 Wis. 2d 671, 678, 214 N.W.2d 33, 36-37 (1974) (party must specify portions of depositions on which he relies to support a motion for summary judgment, and failure to do so is good cause for court to disregard deposition).
Another group of supporting documents is referred to in the city's motion as "other record documents on file herein." Those documents are not specified. Their relevance is not explained. We ignore them.
Two affidavits support the city's motion. One affidavit, by a city engineer, states that the sidewalks were constructed on the city's right-of-way in conformity with street grades previously established and not on private property, and that the driveways, lawns or other parts of certain of the properties involved do not comply with those street grades. This affidavit asserts facts relevant to a taking and to damage to appellants' properties. It does not raise an issue as to whether the properties were benefited.
The second affidavit, by a deputy city assessor, asserts that the assessed values of appellants' properties increased between 1979 and 1980, that the 1980 increase as to appellant Preloznik's parcel was confirmed by the board of review, and that the 1980 increase as to a parcel held by a nonparty under a land contract from Preloznik *121 was confirmed by the board of review because of inflation and because the curb, gutter, pavement and sidewalk had been installed.[2] Doubts as to whether a factual issue exists must be resolved against the moving party, the city. Grams, 97 Wis. 2d at 338-39, 294 N.W.2d at 477. Because the increased assessments may have resulted from causes other than the sidewalks and no evidentiary facts are alleged pertaining to the sidewalks specifically, this affadivit does not raise an issue as to whether appellants' properties were benefited.
We conclude the city's motion for summary judgment fails to set forth evidentiary facts from which it can be inferred that appellants' properties have been benefited by the sidewalks. Whether or not the city has established a prima facie case for summary judgment on other issues, such as a taking or damages, it has not established a prima facie case as to benefits. We could deny the city's motion for that reason, without considering appellants' affidavit. We proceed to examine it because it shows that a real issue exists as to benefit.
Appellants submitted an affidavit by a real estate appraiser. The appraiser states that the sidewalk installation damaged appellants' properties by destroying a two-foot strip along the sidewalk and cutting tree roots, that a retaining wall must be constructed on Preloznik's property at a cost of $3,810, that potential buyers would be more willing to buy appellants' properties without sidewalks, that other areas in Madison do *122 not have sidewalks and home values in those areas have constantly risen, and that the installation "may, in fact, have an adverse effect on the acceleration of the values of these homes." The appraiser submitted photographs showing how the sidewalk has cut tree roots and into properties, illustrating the need for retaining walls.
[10-12]
We conclude that those parts of the appraiser's affidavit not pertaining to property damage contain evidentiary facts tending to show that appellants' properties were not benefited by the sidewalks. That the affidavit contains opinions does not make it nonevidentiary. The existence of benefit is a factual issue. Storm Sewers, 79 Wis. 2d at 287, 255 N.W.2d at 525. The city has submitted nothing to show that the affidavit does not indicate a genuine factual issue. We conclude on the basis of this affidavit that a genuine issue exists as to whether appellants' properties were benefited.
Having ascertained that a dispute exists with respect to a material fact, the benefits to appellants' properties, we need not determine whether other material facts are in dispute, such as whether appellants' property has been taken or damaged. Section 802.08 (2), Stats., allows rendition of summary judgment only if "there is no genuine issue as to any material fact . . . ." (Emphasis added.) The city's motion must therefore be denied.[3]
The trial court reached a different result, and we therefore review the points it relied on.
*123 The trial court concluded that appellants' appeal to circuit court was barred by Lamasco Realty Co. v. Milwaukee, 242 Wis. 357, 8 N.W.2d 372, modified, 242 Wis. 397a, 8 N.W.2d 865 (1943). Lamasco held that a property owner was estopped from challenging a special assessment in the circuit court on any ground on which he presented no supporting evidence to the city council or the board of assessment. We conclude that Lamasco is not controlling. Lamasco was decided under the Kline law, ch. 275, Laws of 1931, which permits first-class cities to enact an ordinance in conformity with its provisions. Sec. 1, ch. 275, Laws of 1931.[4] The City of Madison utilized the procedure established by sec. 66.60, Stats. The hearing provisions under the Kline law differ significantly from those under sec. 66.60.
The Kline law creates a board of assessment. Sec. 2, ch. 275, Laws of 1931. The board conducts a hearing on assessments, at which it must "hear such testimony on the damages and the benefits resulting from said proposed improvement as may be offered by any person interested, which testimony may, in the discretion of said board, be taken down by a stenographer and written out." Sec. 9(3). Following that hearing, the board must assess the damages and benefits to each property, sec. 9(4), and give notice that the assessment is open for review and correction. Sec. 9(5). The board then conducts a second hearing to "hear any and all persons interested in the property assessed who . . . object to the [assessment] . . . and hear any testimony or evidence which may be offered by said persons on said subject." Sec. 9(6). The board then modifies or corrects the assessment, if necessary, and certifies it to the common council. Sec. 9(6). If the common council confirms the assessment, interested persons may appeal to the circuit *124 court. Secs. 10 and 11. Thus, the Kline law provides for hearings before the board of assessment comparable to a judicial-type hearing before an administrative agency or even a court. It make sense to require a full presentation of evidence on a reviewable record to the board as a condition for a judicial review.
In contrast to the Kline law, sec. 66.60, Stats., requires only a single hearing "before the governing body or committee thereof or the board of public works" at which persons may be "heard concerning the matters contained in the preliminary resolution and the report." Sec. 66.60 (7). The statute contains no reference to testimony, evidence or a transcript. To require the presentation of evidence at that hearing as a condition to review in circuit court makes little sense. Nothing in sec. 66.60(7) convinces us that we should amend it by adding a requirement for judicial review nowhere alluded to in the statute.
[13]
We conclude that the estoppel doctrine of Lamasco does not apply to appeals under sec. 66.60(12), Stats., and that appellants are not barred from raising the issue of benefits (among other issues) by not presenting evidence on it to the board of public works or to the common council.
The trial court held that appellants failed to meet their burden of establishing that their properties were not benefited by the sidewalk installation. The court relied on Soo Line RR. Co. v. Neenah, 64 Wis. 2d 665, 671, 221 N.W.2d 907, 910 (1974). Soo Line held that a property owner who appeals a special assessment to the circuit court has the burden of proving that it was not levied according to benefits and that the municipality is presumed to have proceeded regularly. The trial court concluded that appellants had presented no competent evidence to show their damages did not result from their *125 improperly grading their lots, and that appellants had not rebutted the presumption of regularity. We disagree.
The ultimate issues under Storm Sewers, supra, are whether the sidewalks in fact benefited appellants' properties and, if so, whether the assessments are reasonable. But these are not the precise issues on a motion for summary judgment. The issue on that motion (under our analysis) is whether a genuine factual issue exists regarding the existence of benefits. Neither the burden of proof nor the presumption of regularity affects that question.
Moreover, although the grading issue affects appellants' damages and perhaps the damage issue affects the reasonableness of the assessment, a separate question exists as to whether appellants' properties were benefited by the sidewalks. Their properties might or might not have been benefited, regardless whether appellants caused damage to their properties.
[14-16]
After the notice of appeal was filed in this court, the city moved to strike "et al" from the caption in one of the circuit court actions. The motion raises the issue whether the appeal to the circuit court is properly brought as a class action under sec. 803.08, Stats. The motion will be denied. The determination that a class action is appropriate is discretionary with the trial court. Mercury Records v. Economic Consultants, 91 Wis. 2d 482, 491, 283 N.W.2d 613, 618 (Ct. App. 1979). The trial court was not asked to make that decision. The court of appeals may not exercise the discretion vested in the trial court. Barrera v. State, 99 Wis. 2d 269, 282, 298 N.W.2d 820, 826 (1980).
The city asserts the class action may not be maintained as a matter of law. That issue has not been raised *126 before the trial court. As a general rule, we will not decide a matter not presented to the trial court. Binder v. Madison, 72 Wis. 2d 613, 620-21, 241 N.W.2d 613, 617 (1976).
By the Court.  Order reversed. Motion to strike denied.
NOTES
[1] The writing of this opinion was reassigned from Bablitch, J., to a judge on the present panel at the direction of the Chief Justice of the Wisconsin Supreme Court.
[2] The affidavit stated that the assessed value of appellants' properties in the Fourth Addition to Cherokee Park (Third Addition) had increased from 1979 to 1980, as follows: Dixon, from $114,100 to $116,600 (after reduction on appeal from assessment of $130,900); Snodgrass, from $113,900 to $129,800; Buchler, from $95,600 to $120,800; Preloznik, from $123,500 to $138,500 (confirmed on appeal); Hoholik, from $20,200 to $23,900; and parcel owned by Richard Van Roo, under land contract from appellant Preloznik, from $19,800 to $21,200 (confirmed on appeal).
[3] We doubt that summary judgment could be rendered in this case in any event. The second condition of a valid special assessment made under the police power is that it be "reasonable." In re Installation of Storm Sewers, 79 Wis. 2d 279, 287, 255 N.W.2d 521, 525 (1977). "Reasonableness" turns on the totality of the facts and circumstances and is not easily disposed of on summary judgment. Hunter of Wisconsin, Inc. v. Hamilton, 101 Wis. 2d 460, 471, 304 N.W.2d 752, 757 (1981).
[4] Subsequent amendments to the Kline law are not pertinent to this appeal.