Joseph M STEHLING, Connie Stehling, Mary Ann Seippel, Susan S. Grow and Herbert D. Frederick, Plaintiffs-Appellants,

v.

CITY OF BEAVER DAM, Defendant-Respondent.†

Court of Appeals

*No. 82–1053. Argued March 16, 1983.—*
*Decided June 27, 1983.*
(Also reported in 336 N.W.2d 401.)

For the plaintiffs-appellants there were briefs by *Boyle, Steffes & Schwefel* of Beaver Dam, and oral argument by *Howard H. Boyle, Jr.*

For the defendant-respondent there was a brief by *Herman D. Schacht* of Beaver Dam, and oral argument by *Herman D. Schacht.*

Before Gartzke, P.J., Dykman, J., and W.L. Jackman, Reserve Judge.

GARTZKE, P.J.  Plaintiffs Joseph and Connie Stehling, Mary Seippel, Susan Grow and Herbert Frederick are property owners in the City of Beaver Dam. They appeal from a judgment dismissing their action against the city, attacking a special tax for a sidewalk. The issue is whether the city, exercising its police power, can impose a special tax on plaintiffs' properties for the cost of installing a sidewalk on an adjacent city right-of-way, in the absence of a showing that their properties would be benefited. We hold that the city can impose the tax and therefore affirm the judgment.

The material facts are undisputed. March 2, 1981 the Common Council of the City of Beaver Dam approved a resolution pursuant to sec. 66.615(3)(a), Stats., requiring plaintiffs to construct a sidewalk on the North Spring Street right-of-way abutting their properties by July 1, 1981. Plaintiffs did not build the sidewalk. July 13, 1981 the Board of Public Works adopted a resolution pursuant to sec. 66.615(3)(d) and (f), to let a contract for the construction and ordered the city clerk to assess the expense of laying the sidewalk in front of each lot as a special tax against the lot.

Plaintiffs brought this action for a judgment declaring that the actions of the city constituted an invalid exercise of the police power and that the assessment unconstitutionally took their property for public use. The trial court concluded that sec. 66.615(3), Stats., does not require a finding of benefits to the property subjected to the special tax and that a tax assessed under sec. 66.615(3) is a constitutionally valid exercise of the police power. The court therefore dismissed the complaint.

Section 66.615(3), Stats., authorizes a city through its council and board of public works to require lot owners to

construct sidewalks fronting on their properties. If an owner fails to do so, the city may cause the work to be done at the expense of the owner and enter the expense in the tax roll as a special tax against the property. The statute does not require the common council or the board of public works to determine that the property has been benefited by the sidewalk before entering the expense in the tax roll. Accordingly, sec. 66.615(3) allows a special tax against property even if it has not been benefited by the sidewalk.

Plaintiffs correctly contend that, as a general rule, private property may not be specially assessed for a public improvement unless the improvement benefits the property. In the absence of that benefit, the assessment offends the fifth amendment to the United States Constitution and art. I, sec. 13 of the Wisconsin Constitution, both of which prohibit taking of private property for public use without just compensation, the fifth amendment being made applicable to the states through the fourteenth amendment. *Penn Central Transp. Co. v. New York City,* 438 U.S. 104, 122 (1978) ; *Milwaukee E.R. & L. Co. v. Shorewood,* 181 Wis. 312, 314, 193 N.W. 94, 95 (1923) ; *Lathrop v. Racine,* 119 Wis. 461, 473, 97 N.W. 192, 196 (1903).

A municipality which, however, orders installation of a sidewalk has exercised its police power and may specially assess the properties on which the sidewalk fronts, regardless whether the properties are benefited.

The principle is that the absence of a sidewalk or the presence of a defective sidewalk may be a serious public inconvenience, if not a menace to life and limb, and that a municipality may be clothed with power to build a walk or repair an existing walk at once without notice, and charge the expense to the property. In such case the act of the municipality is really an exercise of the police power, and the right to charge the expense against the property does

not depend upon, nor is it limited by, the conferring of benefit upon the property.

*Lisbon Avenue L. Co. v. Lake,* 134 Wis. 470, 475, 113 N.W. 1099, 1101 (1908).

According to *Eiermann v. Milwaukee,* 142 Wis. 606, 609, 126 N.W. 53, 55 (1910), "[c]ourts generally, including our own, have held that a city can construct a sidewalk and charge the expense against the adjacent lot under the exercise of the police power and regardless of benefits," citing *Lisbon Avenue. Lisbon Avenue* and *Eiermann* were cited with approval for the same proposition in *In re Installation of Storm Sewers,* 79 Wis. 2d 279, 284, 255 N.W.2d 521, 523 (1977). *Milwaukee E.R. & L. Co. v. Shorewood, supra,* held that a municipality cannot constitutionally assess an abutting lot for the cost of improving the street on which the lot fronts, in the absence of benefits to the lot. We find it anomalous that the same lot can be specially taxed for an abutting sidewalk even if the lot is not benefited by the sidewalk. That, however, is the established case law of this state.

*Lathrop v. Racine, supra,* relied on by plaintiffs, is not in point. The *Lathrop* court invalidated a municipal charter provision which allowed a city to require a property owner to construct a dock on his land. If the owner failed to do so, the charter allowed the city to construct the dock at the owner's expense. The *Lathrop* court noted that the dock was not built as an exercise of the police power. 119 Wis. at 475–76, 97 N.W. at 197.

Plaintiffs argue that the city's police power has been improperly applied. They first contend that an exigency must exist before the police power may be exercised, citing *State v. Redmon,* 134 Wis 89, 110–111, 114 N.W. 137, 142 (1907), and that no exigency compels construction of a sidewalk. Subsequent decisions uphold sidewalk construction under the police power, ranging from *Lisbon*

*Avenue, supra,* in 1908, through *In re Installation of Storm Sewers, supra,* in 1977. The court of appeals must follow the most recent decisions of the Wisconsin Supreme Court. *Bruns Volkswagen, Inc. v. DILHR,* 110 Wis. 2d 319, 324, 328 N.W.2d 886, 889 (Ct. App. 1982).

Plaintiffs next contend that the police power has been used to compel them to pay for the sidewalk, not to accomplish its construction. We disagree. The city required the plaintiffs to construct the sidewalk. To require that construction is a proper exercise of police power. Plaintiffs failed to construct the sidewalk. The city's right to order construction would have no force without the right to compel payment for failure to comply. The right to impose the special tax is a proper adjunct to the city's exercise of its police power.

Plaintiffs note that an exercise of the police power under sec. 66.60(3)(d), Stats., by which property may be specially assessed for a municipal improvement, requires that the property assessed be benefited. *In re Installation of Storm Sewers,* 79 Wis. 2d at 286–87, 255 N.W.2d at 524–25 (1977) ; *In re Construction of Concrete Sidewalks,* No. 81–1150, slip op. at 4–5 (Wis. Ct. App. April 26, 1983). They conclude that benefits should also be required before a special tax is assessed under sec. 66.615 (3).

We reject plaintiff's conclusion. The requirement of benefits under sec. 66.60(3)(d), Stats., is statutory. *Storm Sewers,* 79 Wis. 2d at 286, 255 N.W.2d at 524. Section 66.615(3) contains no express requirement of benefits for a special tax for sidewalk construction. That benefits must exist for a special assessment levied under sec. 66.60(3)(d) does not allow us to imply a similar requirement for a special tax levied under sec. 66.615(3).

*By the Court.*—Judgment affirmed.