Tony MUSHEL and Vivian Mushel, husband and wife, and Bernice Dannies, a widow, Plaintiffs-Respondents,

v.

TOWN OF MOLITOR, a municipal corporation, Defendant-Appellant,

and

STATE of Wisconsin PUBLIC INTERVENOR Kathleen M. FALK, Intervenor-Appellant.

Court of Appeals

*No. 84–696. Submitted on briefs October 22, 1984.—*
*Decided February 5, 1985.*
(Also reported in 365 N.W.2d 622.)

138

For the appellant the cause was submitted on the briefs of *Krueger, Thums, Tlusty, Hittner & Kennedy, S.C., Raymond F. Thums* and *Sandra J. Marcus,* of Schofield.

For the intervenor-appellant the cause was submitted on the briefs of *Douglas P. Dixon, Michael D. O'Brien,* public intervenor law clerks, and *Kathleen M. Falk,* Wisconsin public intervenor.

For the respondents the cause was submitted on the brief of *Rusch & Rusch Law Office, S.C.,* and *Robert P. Rusch* of Medford.

Before Cane, P.J., Dean and Brown, JJ.

CANE, P.J. The Town of Molitor and the Wisconsin public intervenor appeal a judgment declaring that the interest in a road leading to Lake Nineteen belongs to private landowners. The appellants contend that the property does not belong to the private landowners for a variety of reasons, including: (1) the town acquired a right-of-way easement by deed to use the road; (2) the town properly followed the statutory procedure for laying out and opening a road; (3) the town acquired a prescriptive right to use the road; and (4) the town acquired the road by common law dedication. Because the town did not open and maintain the alleged road, any interest acquired by deed reverted back to the private

owners, and no statutory road was created. The town did not acquire prescriptive rights because hostile use of the road did not continue for twenty years. Finally, no common law dedication occurred because the road was not opened, worked, or traveled within four years after the town made an award of damages to the private landowners. We therefore affirm the judgment.

This dispute involves the right to use a road leading from a public highway to Lake Nineteen, which is located in the Town of Molitor. The town bases its claim on a 1938 document filed with the Taylor County clerk of court. The document is titled "Deed," and states that the town supervisors "have duly decided to lay out and construct a highway in said town, which highway when laid out will be declared a public highway and will pass through certain lands belonging to the Wisconsin Central Railway Company." The document also states that the Wisconsin Central Railway Company, in consideration of $50, does "hereby release to said Town of Molitor, Taylor County, Wisconsin, all claims for damages sustained or to be sustained by them by reason of the laying out and constructing of said highway through said land." The town could not find a formal order by the town supervisors laying out the road. The town supported its claim with testimony purporting to show that the town occasionally plowed and graveled the road, cut brush along the road, and once installed a culvert under the road. The public intervenor presented testimony showing that the public regularly used the road to get to the lake.

The landowners, who purchased the Wisconsin Central Railway Company's property around Lake Nineteen, disputed the claim that the town maintained the road. The landowners testified that they maintained the road at their own expense. They admitted that the town performed work on the road on a couple of occasions, but they claimed that they requested and paid for the work. Although the landowners were aware that the public

occasionally used the road, they did not post the property as private until 1972. A private caretaker of the road testified that he blocked the road during the winter months from 1967 until the landowners posted the property as private.

The trial court construed the 1938 document filed with the Taylor County clerk of court to be a release of damages, rather than a conveyance of an interest in property. The court also ruled that the town did not follow the procedures for laying out a statutory road. The court found as facts that the town did not maintain the road, and that any work done by the town was requested and paid for by the landowners. The court further found that the landowners posted the property in 1972, and that the sign did not provide notice that the road was included as part of the private property. The court also found that the landowners did not provide continuous notice for twenty years that the property was private, as required for a prescriptive easement.

## PRESUMPTION OF PUBLIC ROAD

At the outset, we must determine whether to apply a presumption that the road is public. The public intervenor argues that the court's constitutional duty to protect the public interest in navigable waters requires a presumption that the road is public. The public intervenor does not contend that the town has a right to confiscate private property without compensation in order to assure access to the lake. The public intervenor argues instead that a presumption should exist that the town properly acquired and still possesses the right to use the road.

No presumption presently exists that roads leading to navigable lakes are publicly owned. Section 30.10(4)(b), Stats., provides that property rights to land bordering navigable waters shall be determined in conformity with the common law. The common law does not recog-

nize such a presumption. The public intervenor acknowledges that no presumption presently exists, but urges this court to adopt one. The effect of a presumption in favor of public ownership would be to require a private landowner to prove that the nonexistence of the presumed fact is more probable than its existence. Section 903.01, Stats. A presumption of public ownership therefore would place a rigorous burden of persuasion on the landowner.

Two types of rebuttable presumptions exist. One type is invoked for reasons of public policy without regard for whether the presumption bears any reasonable relationship to the actual fact presumed. *Sperbeck v. DILHR*, 46 Wis. 2d 282, 287, 174 N.W.2d 546, 548 (1970). The other type of presumption is based on facts that reasonably give rise to an inference of the ultimate conclusion embodied in the presumption. *Id.*

We decline to adopt a presumption that roads leading to navigable lakes are public. Neither basis for recognizing a presumption arises from the fact that a road leads to a navigable lake. The constitutional requirement of just compensation when property is taken under the public trust doctrine militates against a public policy presumption that a road is public. *See Zinn v. State*, 112 Wis. 2d 417, 424–29, 334 N.W.2d 67, 71–72 (1983). Also, the fact that a road leads to a navigable lake, as opposed to some other destination, does not reasonably give rise to an inference that the road is public. No reason exists therefore to adopt the presumption urged by the public intervenor.

### RIGHT-OF-WAY EASEMENT

The town argues that the release of damages filed in 1938 granted a right-of-way easement over the road.

The town reasons that the easement vested a perpetual right in the town to use the road. The town concludes that the easement to use the road persists regardless of whether the town properly laid out and opened the road pursuant to statutory procedure.

Assuming that the release of damages granted a right-of-way easement to the town, the easement terminated unless the town properly laid out and opened the road. The fee title remains in the landowner when property is acquired for a public road; the public acquires only an easement to use the property. *Walker v. County of Green Lake,* 269 Wis. 103, 111, 69 N.W.2d 252, 256–57 (1955). The road ceases to be a public road if it is not opened, worked, or traveled within four years of being laid out. Section 80.32(2), Stats. (1937). A discontinued road reverts to the owner, unencumbered by the right-of-way easement. *See Miller v. City of Wauwatosa,* 87 Wis. 2d 676, 680, 275 N.W.2d 876, 878 (1979); sec. 80.32(3), Stats. (1937). Regardless of whether the release of damages granted the town a right-of-way easement, therefore, the easement persisted only if the town opened and maintained the road.

## *STATUTORY ROAD*

Two statutory methods are prescribed for creating a public road. First, the town supervisors may file with the town clerk an order deciding to lay out a road, and an award of damages and a release of further claims from affected landowners. Section 80.07, Stats. (1937). After the order and award of damages are filed, the town must open the road and work it for three years. Section 80.01(1), Stats. (1937). The road must be opened within four years after it is laid out in order to be a public road. Section 80.32(2), Stats. (1937). The

second method of creating a public road applies when an order and award of damages are not properly recorded. Section 80.01(2), Stats. (1937), provides that all unrecorded roads that are worked as public roads for ten years shall be deemed public roads.

The public intervenor contends that the road leading to Lake Nineteen is a statutory road because the road was properly recorded and opened, or because the town worked the road for ten years. The public intervenor construes the release of damages to satisfy the recording requirement because the document states that the town "duly" decided to lay out a road, and the document includes an award of damages. Although the signed order laying out the road was not filed, the public intervenor argues that the recorded document substantially complies with the statutory requirement. The landowners respond that the actual order made by the town supervisors must be filed, and that the release of damages was improperly filed with the county clerk of court rather than with the town clerk. At trial, the town could not produce the actual order laying out the road from its unrecorded records.

Regardless of whether the release of damages satisfied the recording requirement, no statutory road was created because the town did not open the road and work it. The town presented inconclusive testimony that it worked the road sporadically after 1938. Other evidence indicated that the town did not open the road. Such evidence included the fact that the road was not indicated on township maps, the town sought no state or federal aid for maintenance of the road, the road was unnamed, and the road was not regularly maintained by the town. In addition, considerable evidence showed that the private landowners maintained the road at their own initiative and expense. The testimony also indicated that the

landowners occasionally requested township work on the road, and the landowners paid the township for the work. After considering all the evidence bearing upon whether the town opened and worked the road, the trial court concluded that the town did not maintain the road, and that the town only performed work on the road at the direction and expense of the landowners. The trial court's factual finding is not clearly erroneous. Section 805.17(2), Stats. Because the town did not work the road, therefore, no public road resulted despite any construction that we might give to the release of damages.

A public road also did not result pursuant to sec. 80.01 (2), Stats., because the town did not work the road for ten years. The trial court specifically found that the town did not work the road for the necessary ten years. This finding logically followed from the court's finding that the town did not maintain the road. The finding is not clearly erroneous. We conclude therefore that the road leading to Lake Nineteen is not a statutory road.

## PUBLIC ROAD BY PRESCRIPTION

The public intervenor contends that the town acquired the right to use the road by prescription. It bases its claim on testimony that the public used the road for more than twenty years. *See* sec. 893.27(1), Stats. An easement by prescription requires the following elements: (1) adverse use that is hostile and inconsistent with the exercise of the titleholder's possessive rights; (2) which is visible, open, and notorious; (3) under an open claim of right; (4) and is continuous and uninterrupted for twenty years. *Ludke v. Egan,* 87 Wis. 2d 221, 230, 274 N.W.2d 641, 646 (1979). The use of a way over

unenclosed land is presumed to be permissive and not adverse. Section 893.27(3), Stats. To establish a prescriptive easement, the evidence must be positive and every reasonable presumption must be made in favor of the landowner. *Ludke,* 87 Wis. 2d at 231, 274 N.W.2d at 646.

The town did not acquire a prescriptive easement over the road because hostile use of the road did not continue for twenty years. The trial court found that the road was posted as private property in 1972. This finding is not clearly erroneous. Even if we considered posting to have first occurred in 1967 when the landowner blocked the road during the winter, twenty years did not elapse before this lawsuit. Prior to posting, the road was unenclosed, and we presume that public use of the road was permissive. Section 893.28(3), Stats.

The public intervenor argues that the presumption of permissive use does not apply when the landowner is aware of public use of private property. We disagree because open and notorious use of unenclosed land that does not interfere with the landowner's use is still presumed to be permissive. *See Bino v. City of Hurley,* 14 Wis. 2d 101, 110, 109 N.W.2d 544, 548–49 (1961). Public policy favors open use of wild lands by the public, and we will not frustrate that policy by requiring landowners to close wild land or risk losing it by adverse possession. *See Pierz v. Gorski,* 88 Wis. 2d 131, 139, 276 N.W.2d 352, 356 (Ct. App. 1979).

## PUBLIC ROAD BY DEDICATION

The town argues that it acquired a right-of-way easement to the road by common law dedication. A

common law dedication requires an offer of the road for public use and an acceptance of the dedication by the proper public authorities or by general public use. *Poynter v. Johnston,* 114 Wis. 2d 439, 447–48, 338 N.W.2d 484, 489 (1983). The town contends that the landowner made an unequivocal offer of the land by releasing the town from damages for public use of the road. The town also claims that the dedication was accepted by public use of the road.

A release of damages for consideration is a sufficient indication of a landowner's intent to dedicate a road. *See Karber v. Nellis,* 22 Wis. 207, 210–11 (1867). Moreover, public use may constitute an acceptance of a common law dedication. *Galewski v. Noe,* 266 Wis. 7, 14, 62 N.W.2d 703, 707 (1954). Section 80.32(2) provides, however, that a road is discontinued if it is not opened, worked, or traveled within four years after it is laid out. Unencumbered title reverts to the landowner if a road is discontinued. Section 80.32(3), Stats. We construe these statutes to mean that an offer of dedication must be accepted within four years after a release of damages is given. Here, the trial court found that the town did not open or work the road, and these findings are not clearly erroneous. An effective dedication therefore requires proof that the public traveled the road within four years after the 1938 release of damages.

No common law dedication resulted because there is no evidence that the public traveled the road within four years after the release of damages. Only one witness testified that he fished on Lake Nineteen between 1938 and 1942, and he did not state whether he used the road at that time to get to the lake. Although the trial court did not specifically find whether the public used the road during the period in question, we will sustain the

court's legal conclusion that the road is private property if the conclusion is supported by the preponderance of the evidence. *See Herkert v. Stauber,* 106 Wis. 2d 545, 568–69, 317 N.W.2d 834, 845 (1982). Because the record is devoid of any evidence establishing that the public used the road between 1938 and 1942, we hold that the trial court's conclusion is supported by the record and that no common law dedication of the road resulted.

*By the Court.*—Judgment affirmed.