GELHAUS & BROST, INC., James Hince and Judith Hince, Medford Co-Operative, Inc., Medford Motors, Inc., Robert Oestreich and Judith Oestreich, Ann Roemer, The Star News, Inc., Armond E. Amacher and Marcella J. Amacher, and/or Strebig Auto, Inc., Plaintiffs-Appellants,

v.

CITY OF MEDFORD, Defendant-Respondent.

Court of Appeals

*No. 87-1261. Submitted on briefs January 13, 1988.—Decided March 29, 1988.*

(Also reported in 423 N.W.2d 180.)

For plaintiffs-appellants there were briefs submitted by *Corliss V. Jensen* and *William A. Grunewald* of *Nikolay, Jensen, Scott, Gamoke & Grunewald, S.C.,* of Medford.

For defendant-respondent there was a brief submitted by *Thomas M. Rusch* of *Rusch & Rusch Law Office, S.C.,* of Medford

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   The property owners[1] appeal a summary judgment that sustains special assessments by the City of Medford. They contend that the amount assessed under a municipality's police power may not exceed the value of the improvement to the property. We conclude that assessments made pursuant to a municipality's police power are not limited to the value of the benefits to the property. Because the properties were benefited and the assessments were made upon a reasonable basis, we affirm.

On review of a summary judgment, the appellate court's function is identical to that of the trial court. *See Preloznik v. City of Madison,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582 (Ct. App. 1983). After determining that the pleadings establish a disputed claim, the court decides whether there exists a disputed issue of material fact. If no such factual dispute exists, the court then determines whether the moving party is entitled to judgment as a matter of law. Section 802.08(2), Stats.

Pursuant to its police power and sec. 66.60, Stats., Medford assessed the property owners for the installation of water and sewer laterals, new sidewalks, curb and gutter, and street resurfacing. The property owners concede that their properties were benefited. However, they challenge the assessments on the basis that the assessments were greater than the value of the benefits bestowed by the improvements. The evidence as to the value of the benefits to the properties is conflicting. The property owners contend that the conflict presents a disputed issue of material

---

[1]We refer to the plaintiffs-appellants as the property owners in this opinion.

fact to prevent the entry of summary judgment. We disagree.

The dispute concerning the actual value of benefits to the properties is not material. Assessments may be made under the general taxing power or based upon the exercise of police power. *See Berkvam v. City of Glendale,* 79 Wis. 2d 279, 287, 255 N.W.2d. 521, 525 (1977). When proceeding under its police power, a municipality need not show that the assessment does not exceed the value of the benefits as it must under the taxing power. Rather, it is only required that the property be benefited and that assessment be made upon a reasonable basis. *Id.*

Section 66.60(1)(b) shows substantive differences between a municipality's taxing power and police power:

> The amount assessed against any property for any work or improvement which does not represent an exercise of the police power shall not exceed the value of the benefits accruing to the property therefrom, and for those representing an exercise of the police power, the assessment shall be upon a reasonable basis as determined by the governing body of the city, town or village.

Therefore, when the assessment is made under the police power, the municipality is not required to show that the property is benefited to the full extent of the dollar amount collected. *See* sec. 66.60(3)(d), Stats.; *see also Berkvam,* 79 Wis. 2d at 287, 255 N.W.2d at 525.

This does not mean, however, that the municipality has unrestricted assessment power. Under its

police power, the municipality's assessment must be "upon a reasonable basis." Although sec. 66.60(1)(b) provides no definition of reasonableness, our supreme court has stated that the municipality's adopted plan or method for assessment must be "fair and equitable and such that it will bring about an assessment in proportion to the benefits accruing." *Berkvam,* 79 Wis. 2d at 287, 255 N.W.2d at 525.

We reject the property owners' argument that this language requires that the assessment not exceed the value of benefits bestowed by the improvements. "It is well settled that assessments against adjoining property are not limited to benefits received where such assessments are properly made under the police power." *Chicago, M. & St. P. Ry. v. City of Janesville,* 137 Wis. 7, 12, 118 N.W. 182, 184 (1908).

Rather, we conclude that inherent in the requirement that the assessment be made on a reasonable basis is that it must be reasonable and apportioned fairly and equitably among the property owners. For example, in making an assessment, the municipality may not assess one group of property owners by a method that is completely different from the method used to assess another group of property owners, resulting in an entirely disproportionate distribution of costs among various taxpayers. *See Schulenberg v. City of Reading,* 410 P.2d 324, 329 (Kan. 1966).

Here, the property owners admit that the properties were benefited, although in an amount less than the assessments. Because the property owners admit a benefit to the property, the only remaining issue is whether the undisputed facts permit us to conclude that the basis upon which the assessments were made is a reasonable one. This presents a question of law

appropriate for determination by summary judgment. Section 802.08(2), Stats.

Medford presented unrebutted affidavits concerning the basis of the assessments. The city did not assess the property owners for water mains, sewer mains, replacement of street subsoils, or engineering or related costs. It assessed the properties for the full cost of sewer and water laterals. However, the cost for sidewalk and curb and gutter was reduced by 25% and then adjusted in consideration of the remaining life of the improvement. Also, only 60% of the street resurfacing was charged; one-third of that amount was charged to the city, and one-third to the abutting property on each side of the street. Except for sidewalk charges, which varied according to thickness and type of sidewalk, the assessments were uniformly based upon lineal footage.

Furthermore, the affidavits presented to the court reveal that the property owners were benefited by the assessments, and that Medford distributed the burden fairly and equitably among the individual property owners. Moreover, the property owners do not challenge the distribution of the costs among the property owners. Based upon these undisputed facts, we conclude that Medford has established that the assessments were made upon a reasonable basis.

*By the Court.*—Order affirmed.