James SCHMIDT, Plaintiff-Appellant,

v.

# WISCONSIN EMPLOYE TRUST FUNDS BOARD, Defendant-Respondent.†

### Court of Appeals

*No. 88-0246. Submitted on briefs October 10, 1988.—Decided January 26, 1989.*

(Also reported in 436 N.W.2d 918.)

† Petition to review granted.

For the plaintiff-appellant the cause was submitted on the briefs of *Simon M. Karter* and *McBurney, Perina, Wyngaard, Wilson & Raymond,* of Madison.

For the defendant-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Warren M. Schmidt,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J. James Schmidt appeals from an order affirming the decision of the Wisconsin Employee Trust Funds Board. The board refused to credit Schmidt's employe trust fund account with three years of "creditable service." We conclude that he is entitled to those credits and therefore reverse the order of the circuit court and remand the matter to the board for proceedings consistent with this opinion.

Schmidt began teaching at a Wisconsin public school in 1957. His salary was subject to mandatory employer and employee contributions to the state teachers' retirement system fund. At that time, the fund provided a "separate group" annuity plan and a "combined group" annuity plan. Sec. 42.241(1), Stats. 1957. Schmidt was member of the combined group. In June 1963 he stopped teaching and applied for separation benefits from the fund. Those benefits consisted of his contributions to the fund ("member deposits") plus interest. Sec. 42.242(5), Stats. 1963.

Because he was a member of the combined group, sec. 42.242(5), Stats. 1963, required that to receive his member deposits Schmidt had to submit "a full and complete discharge and release of all right, interest or claim on the part of such member to state deposit accumulations based on teaching service performed after June 30, 1957." On December 6, 1963 he signed

such a release and received the deposits he had made during his six years of teaching.[1]

In 1964 Schmidt returned to teaching in Wisconsin. His salary again was subject to mandatory member and employer contributions to the fund. On September 11, 1965, the fund offered a third annuity plan, the "formula group," created and governed by secs. 42.244 and 42.245, Stats. 1965. Members of the combined and separate annuity groups could elect membership to the formula group. Sec. 42.244(1), Stats. 1965. Schmidt elected to become a member of the formula group.

The retirement benefit available under the formula group is determinable in part by multiplying "the number of years of [the employe's] creditable service" by the sum of a percentage of the employe's "final average compensation" and another factor not relevant to this appeal. This was true under sec. 42.245(2)(b)2.a., Stats. 1965, and is true under sec. 40.23(2)(b) and (2m)(e), Stats. An employe's "years of creditable service" are therefore an important factor in determining his or her retirement benefit under the formula group plan.

The Department of Employe Trust Funds refused to give Schmidt "creditable service" credit for his six years of service from 1957 through 1963. Schmidt appealed to the Employe Trust Funds Board, requesting credit for three of the six years from 1957 through

[1]The full text of the waiver provision in the application Schmidt signed is as follows: "I hereby apply for the accumulation from my members' deposits made while a member of the combined group based on teaching service performed after June 30, 1957, and agree that payment of said accumulation shall constitute a full and complete discharge and release of all right, interest or claim on my part to state deposit accumulations based on teaching service performed after June 30, 1957."

1963. After a hearing, the board denied his request. Schmidt then sought certiorari review of the board's determination, as authorized under sec. 40.08(12), Stats. The circuit court affirmed the order of the board.

When reviewing the decision of an agency on certiorari a court determines only whether the agency kept within its jurisdiction, whether it acted according to law, whether its action was arbitrary, and whether the evidence was such that it might reasonably make the order or determination in question. *St. ex rel. Brookside v. Jefferson Bd.,* 131 Wis. 2d 101, 119-20, 388 N.W.2d 593, 600 (1986). We apply the same test *de novo,* giving no deference to the trial court's decision.

The only issue before us is whether the board correctly applied sec. 42.245(1), Stats. 1965, which defined "creditable service" for years prior to 1965 and prescribed certain reductions if a member withdrew deposits for those years. Because the facts are undisputed, this is a question of law. *State v. Johnston,* 133 Wis. 2d 261, 264, 394 N.W.2d 915, 916 (Ct. App. 1986).

Since sec. 40.03(1)(g), Stats., specifically authorizes the board to "determine the length of creditable prior service from information available," we would normally defer to the board's interpretation of sec. 42.245(1), Stats. 1965, and affirm it if reasonable. When an agency is charged with enforcement of a particular statute, we will not reverse an agency's action resulting from a reasonable interpretation of that statute. *Pigeon v. ILHR Department,* 109 Wis. 2d 519, 525, 326 N.W.2d 752, 755 (1982).

Schmidt contends that we should not defer to the board's decision because the board never expressly considered sec. 42.245(1), Stats. 1965. The board denied his request for three years' credit without referring to the statute. The board points out that Schmidt argued to the board only that department employees had misled him regarding his rights. He did not assert that sec. 42.245(1), Stats. 1965, entitled him to credit until the case reached circuit court. Under these circumstances, we would ordinarily reverse and remand for the board to determine the meaning of the statute. *Maluka v. Tucker,* 117 Wis. 2d 1, 8, 343 N.W.2d 407, 410–11 (Ct. App. 1983). Because, however, the facts are undisputed and both parties have asked us to determine the meaning of the statute, we do so in the interest of judicial economy. *Wirth v. Ehly,* 93 Wis. 2d 433, 444, 287 N.W.2d 140, 146 (1980).

Section 42.245, Stats. 1965, provided in relevant part:

> This section shall apply only to members of the formula group. . . .
>
> (1)(a) . . . The creditable service of each member any time prior to July 1, 1966, shall be the number of years of service as a teacher in Wisconsin teaching (including prior service) *theretofore creditable to him pursuant to the applicable statutes and rules* . . . . (Emphasis added.)

An applicable rule adopted by the board and in effect before July 1, 1966 provided:

> For the purposes of section 42.245(1)(a), Wis. Stats., [1963] a "year of creditable service" means *a fiscal year during which a teacher,* as defined in

section 42.20(13), *was employed as a teacher not less than a full school year* as defined in section 42.20(10), Wis. Stats. For teaching service of less than a full school year credit as creditable service shall be given in the ratio which the total number of teaching days credited within a fiscal year bears to 120 days.

Wis. Adm. Code, sec. TR 3.07 (1965) (emphasis added).

This definition of creditable service is almost identical to that of a "year of teaching experience" which sec. 42.20(16), Stats. 1963, defined as "a fiscal year during which the teacher was employed as a teacher not less than a full school year." Prior to July 1, 1966, years of teaching experience credited to a teacher could affect a teacher's retirement benefits by increasing the amount of the state's annual deposits on behalf of that teacher or by guaranteeing a minimum monthly annuity payment. Secs. 42.45(1)(a), 42.49(7) and (10), Stats. 1963.

We conclude that under the applicable statutes and rules before July 1, 1966, Schmidt's six years of employment as a teacher equalled six years of creditable service.

Section 42.245(1)(c), Stats. 1965, provided,

Creditable service for Wisconsin teaching prior to September 11, 1965 shall be reduced by one-half of any period included therein with respect to which the required deposits of a member have been withdrawn, .... Nothing in this paragraph shall be construed to reinstate any rights waived in connection with the payment of a withdrawal or separation benefit..

Since Schmidt withdrew his required deposits for 1957 through 1963, his six years of creditable service are reduced by one-half, and he is entitled to three years of credit.

The state argues that Schmidt waived his right to credit for his years of teaching service when he signed the waiver providing for "a full and complete discharge and release of all right, interest or claim on [his] part to state deposit accumulations based on teaching service performed after June 30, 1957." By equating "state deposit accumulations" with "years of creditable service," the state errs.

The two terms were defined differently. "State deposit" was defined as "the deposit made by the state in the retirement deposit fund on behalf of any member." Sec. 42.20(2)(d), Stats. 1963. Creditable service was expressly defined as "a fiscal year during which a teacher ... was employed not less than a full school year." Wis. Adm. Code, sec. TR 3.07 (1965). While creditable service could affect the amount of the state deposit, the statutes did not treat the two terms as equivalent.

We conclude that Schmidt waived only his right to the state deposits made on his behalf from 1957 to 1963 when he withdrew his member deposits for those years. Under sec. 42.245(1)(c), Stats. 1965, Schmidt is entitled to three years' creditable service.

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.