# AREA BOARD OF VOCATIONAL, TECHNICAL & ADULT EDUCATION, DISTRICT 4, Plaintiff-Appellant,

v.

# TOWN OF BURKE, Defendant-Respondent.†

Court of Appeals

*No. 87-2378. Submitted on briefs April 21, 1989.—Decided June 15, 1989.*

(Also reported in 444 N.W.2d 733.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Trayton L. Lathrop* and *Isaksen, Lathrop, Esch, Hart & Clark,* of Madison.

For the defendant-respondent the cause was submitted on the briefs of *Frank J. Bucaida* and *Michael J. Westcott,* and *Axley Brynelson,* of Madison.

Before Gartzke, P.J., Eich and Sundby, JJ.

SUNDBY, J.   The Area Board of Vocational, Technical and Adult Education, District 4 (MATC), appeals from a judgment and order affirming special assessments levied upon its property by the town board of the Town of Burke under sec. 66.60, Stats. We reverse and remand the cause to the trial court with directions to enter judgment annulling the special assessments without prejudice to a redetermination of the assessments by the town board under sec. 66.60(10), Stats.

I.

BACKGROUND

On October 1, 1985, the Burke town board adopted a preliminary resolution under sec. 66.60(2), Stats., declaring its intention to exercise its police powers to make public improvements, including relocating the U.S. Highway 151 entrance to Wayne Terrace in the town, and to levy upon property within a proposed assessment district special assessments to pay the cost thereof.

MATC's property was included within the district. The resolution directed the town engineer to prepare the report required by sec. 66.60(2).

On October 15, 1985, after notice and a public hearing, the town board adopted a final resolution, as required by sec. 66.60(8), Stats., adopting the engineer's report, determining the special assessments, and directing that the work proceed. MATC appealed. Its appeal was determined *de novo* by the circuit court under sec. 66.60(12)(b). The circuit court affirmed the assessments.

It is undisputed that the town offered no proof that the public improvements increased the value of MATC's property. MATC claims that an increase in value is a requisite to a police power assessment. It argues that such an assessment must be in proportion to the benefits conferred by the improvement. The town concedes that a benefit must be conferred before property is subject to a special assessment, but argues that an increase in value is not a necessary element of a special benefit. It claims that MATC's property is benefited because the relocated entrance will be safer, will allow MATC's property to be put to a higher and better use, and will reduce the possibility of shutting off entry from the highway to MATC's property. The town further contends that the special assessments were levied in proportion to the benefits conferred upon the assessed properties because the total cost of the improvement was apportioned according to the front footage of each parcel abutting on the street serving the property.

II.

POLICE POWER OR TAXING POWER
ASSESSMENTS?

Our review of the town board's proceedings, including the engineer's report, left us in doubt as to whether

the town had proceeded under its police power or under its taxing power. We therefore ordered the parties to brief the following questions:

(1)   Did the town board levy the disputed special assessments under its police power or under its taxing power?

(2)   What is the effect of the statement in schedule D of the engineer's report that "Each property will be benefited by at least the amount assessed?"

(3)   If the town board failed to follow the procedure under sec. 66.60, Stats., necessary to levy special assessments under the town's police power, could MATC waive that failure?

(4)   If the town board failed to follow the procedural steps of sec. 66.60, Stats., necessary to exercise the town's police power, and that failure is jurisdictional, may the trial court under sec. 66.60(12)(d) determine the correct assessments? May the town board, under sec. 66.60(10), reassess the assessments?

The parties have briefed the questions. We answer them as follows:

(1)   In view of our answer to question (2), we need not answer question (1).

(2)   The representation made by the town board in its final resolution that each property will be benefited by at least the amount assessed required that the town demonstrate at trial that MATC's property was increased in fair market value by the amount assessed.

(3)   MATC concedes that it waived any procedural irregularity in the town board's attempt to levy the special assessments under its police power. MATC's view is that any irregularities in the town board's procedures

were not jurisdictional and could be waived. We accept MATC's position.

(4) The trial court's authority under sec. 66.60(12)(d), Stats., to modify special assessments does not permit it to determine the amount which MATC justly ought to pay. The town board may, however, reassess the special assessments against MATC's property under sec. 66.60(10), Stats.

## III.

## DISCUSSION

(1) *Police Power Procedure.* Under sec. 66.60(1)(b), Stats., a municipality may levy special assessments under its taxing power or, for some improvements, under its police power. *Gelhaus & Brost v. City of Medford,* 144 Wis. 2d 48, 51, 423 N.W.2d 180, 181 (Ct. App. 1988).

It makes a good deal of difference which approach the municipality takes. If it proceeds under its taxing power, the amount assessed for any work or improvement "shall not exceed the value of the benefits accruing to the property therefrom." Sec. 66.60(1)(b), Stats. If, however, it proceeds under its police power, "the assessment shall be on a reasonable basis as determined by the governing body of the city, town or village." *Gelhaus,* 144 Wis. 2d at 51, 423 N.W.2d at 182. The procedure followed by the town board is a mix of police power and taxing power. We need not decide which predominates because we conclude that the town is bound by its representation that each property assessed will be benefited by at least the amount assessed.

(2) *Representation as to Benefit.* The town engineer's report consisted of schedule A, plans and specifi-

cations; schedule B, the estimated cost of the project; schedule C, report of damages, etc.; and, schedule D, a schedule of benefits and assessments. Schedule D contained the following representation: "Each property will be benefited by at least the amount assessed." By adopting the engineer's report, the town adopted this representation as the basis of its assessment levy. The representation is, however, out of place in a police power assessment. It committed the town to something not required in a police power assessment—a showing that the value of the property specially assessed is increased by the amount of the special assessment. *Compare, Bekkedal v. Viroqua,* 183 Wis. 176, 198, 196 N.W. 879, 887 (1924) (one test often applied to determine benefits is, "Is the difference between the fair market value of the property after the improvement is made and the fair market value of the property prior to the making of the improvement equal to or greater than the amount of the assessment."), and *In re Installation of Storm Sewers, Etc.,* 79 Wis. 2d 279, 284, 255 N.W.2d 521, 523 (1977) (assessments are not limited to benefits where made under the police power).

The town argues that the words "by at least the amount assessed" are superfluous. We disagree. The owners of benefited properties are entitled a *de novo* review of the assessments levied upon their properties. To intelligently litigate the propriety of the special assessments levied upon its property, MATC was entitled to know the basis for the assessments. Because of its representation, the town was required to demonstrate that the fair market value of MATC's property was increased by the amount of the special assessments levied upon MATC's property.

▮ We reject the town's argument that the assessments were proportionate to the benefits because they were determined by the front foot method. "The assessment of benefits is not a mere apportionment of the total cost of the work among the abutting property owners." *Bekkedal,* 183 Wis. at 198, 196 N.W. at 887. "[T]he fact that an assessment is based upon frontage is a circumstance so significant as to arouse suspicion." *Lamasco Realty Co. v. Milwaukee,* 242 Wis. 357, 390, 8 N.W.2d 372, 387 (1943) (quoting *Welch v. Oconomowoc,* 197 Wis. 173, 175, 221 N.W. 750, 751 (1928)). It is true that the front foot assessment is the most commonly used method of assessment. R. Klitzke and J. Edgar, *Wisconsin Special Assessments,* 62 Marq. L. Rev. 171, 193 (1978). However, "care must be exercised to prevent inequities." *Id.* at 194. Also, "[u]sually front-foot assessments are applied only where the public improvement abuts the property to be assessed." *Id.* The relocated entrance to Wayne Terrace does not abut on MATC's property or on a number of the other lots and parcels assessed. In the circumstances, the town had the duty to exercise care to prevent inequities. Its reliance on the front foot method of assessment to the total exclusion of the extent each lot or parcel was increased in value by the improvement was not the exercise of reasonable care.

(3) *Waiver.* MATC submits that any procedural error by the town board made its special assessment levy erroneous but not void. It cites *Seyfert v. Seyfert,* 201 Wis. 223, 229 N.W. 636 (1930), where the court held that the parties could waive an irregular and erroneous act of the trial court because the court had jurisdiction of the subject matter of the action. MATC concedes that it waived any procedural error of the town board in attempting to proceed under the town's police power.

MATC's concession relieves us of the need to decide how *Thomas v. Waukesha,* 19 Wis. 2d 243, 250, 120 N.W.2d 58, 62 (1963), may apply. In *Thomas* the court held that the city's failure to follow the necessary procedural steps of sec. 66.60, Stats., was fatal to its attempt to exercise its police power.

MATC asserts, however, that it did not waive its substantive position that the town was required to show that the assessments were in proportion to the benefits conferred on MATC's property. The town represents that if the special assessments in issue are annulled because it did not make that showing, it will reassess MATC's property under sec. 66.60(10), Stats. It therefore asks that, in the interest of judicial economy and justice, we decide the question: Is an increase in value a requisite for a special assessment levy pursuant to a municipality's police power?

An appellate court can, in certain cases, decide a question of law which has been briefed by the parties, where the facts are undisputed, and both parties request that the court decide the question. *See, e.g., Schmidt v. Wisconsin Employe Trust,* 148 Wis. 2d 844, 849, 436 N.W.2d 918, 920 (Ct. App. 1989) (issue raised for first time on appeal). However, in such cases, the court's decision disposed of the case before it. The town asks us to decide a hypothetical case. In the absence of constitutional provisions so requiring, courts will not render merely advisory opinions. *State ex rel. La Follette v. Dammann,* 220 Wis. 17, 22, 264 N.W. 627, 629 (1936).

(4) *Reassessment.* Section 66.60(12)(d), Stats., provides:

> Upon appeal pursuant to this subsection, the court may, based upon the improvement as actually

constructed, render a judgment affirming, annulling or modifying and affirming, as modified, the action or decision of the governing body. If the court finds that any assessment or any award of damages is excessive or insufficient, such assessment or award need not be annulled, but the court may reduce or increase the assessment or award of damages and affirm the same as so modified.

We conclude that this provision does not authorize a trial court to correct an assessment which is annulled because it is unsupported by evidence. The trial court may modify an excessive special assessment only if there is evidence in the record from which the court can determine the correct assessment. Contrast sec. 66.60(12)(d) with sec. 66.635(1) which permits the trial court, if it determines that a special assessment is invalid, to frame an issue, summarily try the same, and determine the amount which should be justly assessed. Section 66.635 is specifically inapplicable to appeals under sec. 66.60(12)(d). Section 66.635(2) cross-references to sec. 66.60(10). The conclusion is inescapable that the legislature intended that the municipal governing body, not the court, would reassess invalid special assessments which are subject to sec. 66.60(12)(d).

■ MATC claims that if the special assessments are annulled, the town board will need the circuit court's permission to reassess the special assessments. We disagree. Section 66.60(10), Stats., provides that "if any assessment is void or invalid *for any reason*" (emphasis added), the governing body "is empowered" to amend any special assessment. *Christenson v. Green Bay,* 72 Wis. 2d 565, 568, 241 N.W.2d 193, 195 (1976), makes plain that a municipality may "start over, using the correct procedure for exercise of its police power under sec.

66.60, Stats., where its original assessment attempted on the same basis under the same statute [has] been found to be procedurally invalid." We conclude that this option is available to the town in this case.

## IV.

## REMAINING ISSUES

Because of our holding, it is unnecessary for us to address MATC's claims that the special assessment levy is contrary to the plat agreement with respect to East Towne Plat, and that the assessments are void because of the engineer's conflict of interest.

Also, we decline to address MATC's belated argument that highway improvements, other than the installation of sidewalks, are not made in the exercise of a municipality's police power. In its principal brief, MATC deemed it unnecessary to address the "serious constitutional questions" as to the use of the police power to make assessments in a case such as this. Its attempt to now address those questions goes beyond the scope of the questions we ordered briefed.

■
Because we direct that the trial court enter judgment annulling the special assessments we must decide MATC's claim that it is entitled to interest on the voided assessments at the rate—eight and one-half percent per year—set by the town board on unpaid installments. We agree that MATC is entitled to interest on both the assessment installments and interest paid by MATC. "[T]he obligation of a unit of government to pay interest on liquidated obligations is identical to the obligation of other persons or business entities." *Milwaukee v. Firemen Relief Asso.*, 42 Wis. 2d 23, 41, 165 N.W.2d 384, 394 (1969). We do not agree, however, that MATC

is entitled to interest at eight and one-half percent. We are not aware of any authority which supports an allowance to MATC of interest at a rate other than the statutory rate.

*By the Court.*—Judgment and order reversed and cause remanded with directions.