IN RE the MATTER OF the APPEAL OF
MARINER GROUP, INC., FROM the ASSESS-
MENT LEVIED BY the VILLAGE OF EGG
HARBOR, DOOR COUNTY, WISCONSIN, FOR
WASTEWATER TREATMENT PLANT & COL-
LECTION SYSTEM: VILLAGE OF EGG HARBOR,
Appellant,†

v.

MARINER GROUP, INC., Respondent.

Court of Appeals

*No. 89-2041. Submitted on briefs April 9, 1990.—Decided May
8, 1990.*

(Also reported in 457 N.W.2d 519.)

†Petition to review denied.

For appellants there were briefs by *Dorothy H. Dey* of *Quale, Feldbruegge, Dalvelli, Thom & Croke, S.C.,* Milwaukee, and *James C. Pankratz* of *Pankratz Law Office,* Sturgeon Bay.

For respondents there was a brief by *Randall J. Nesbitt* of *Pinkert, Smith, Weir, Jinkins & Nesbitt,* Sturgeon Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. The village of Egg Harbor appeals a judgment setting aside a special assessment for the cost of a waste water treatment plant and collection system (the system) constructed by the village. The trial court found that the method of assessment was unreasonable. The village contends that under its police power to assess for the capital costs of the system, the lump sum method of assessment without regard to use was reasonable. The village further contends that an additional assessment levied upon properties that would make extensive use of the system, such as motels and restaurants, was also reasonable. Because we conclude that a lump sum assessment with an additional assessment

against intensive users of the system is reasonable, we reverse the judgment.

The village of Egg Harbor constructed a waste water treatment plant and collection system. Under its police power, it levied a lump sum assessment against each property in the village. Under this scheme, every property within the corporate limits—whether it be a private residence, retail shop, restaurant, motel or vacant lot—was assessed one base unit without regard to actual or estimated use or flow rates. An additional assessment was made against properties that were projected to use the system in excess of 300 gallons per day.[1] These additional assessments varied in proportion to projected use and were made in addition to, and not in lieu of, the base assessment applied to all properties.

The village elected a lump sum assessment because of the difficulty of measuring the individual benefits bestowed by this system. Some village properties are part-time summer residences; others are year-round residences. Other properties include seasonal or year-round commercial businesses. The character of the municipality, reflecting year-round and seasonal residents with both part-time and full-time use of their properties, influenced the village's decision to assess a lump sum rate.

It should be noted that each property was assessed one base unit without regard to use and additional units were assessed against those properties such as motels and restaurants that would use these improvements intensively. Each unit or lot was assessed the same amount. A house was assessed the same as a vacant lot, even though the vacant lot would make no use of the

_____

[1] This assessment was made pursuant to Wis. Admin. Code sec. DILHR 83.15, Table 12 (Feb. 1985).

system. Use of the system was relevant only for additional assessments, not the base rate.

Mariner Group, Inc., developed a shopping mall consisting of fourteen retail shops. Each shop was separately owned and each unit was assessed one base unit valued at $3,067, despite the fact that only the two largest units had internal restrooms. The development also contained two larger public restrooms.

The village may implement its police power to assess property to recover the cost of construction of civic improvements under sec. 66.60(1)(b), Stats., if the property assessed is benefited to some extent. *Gelhaus & Brost, Inc. v. City of Medford,* 144 Wis. 2d 48, 51, 423 N.W.2d 180, 181–82 (Ct. App. 1988). The village need not show that the value of the benefits is equal to the assessment. *Id.* The method of assessment may involve a variety of different alternatives, such as a tax based upon the assessed value, a tax based on a property's front footage or a lump sum assessment. The only requirement is that the method of assessment be reasonable under the existing circumstances. *Id.* at 51, 423 N.W.2d at 182.

Mariner attacks the village's assessment as unreasonable based upon the village's decision to assess additional residential equivalency units (REUs) against properties that would use the system more intensively. Mariner argues that if the assessment increases for intensive use of the system, the assessment should decrease for less than normal use. Mariner contends that because of the limited number of restroom facilities available in its development, it is unreasonable to assess fourteen units rather than the 2.3 unit-use equivalent.

The trial court found that the unit assessment was unreasonable because, based on estimated flow, the Mar-

iner property would only have been assessed at 2.3 REUs rather than the fourteen actually assessed. The trial court set aside the assessment, concluding that additional assessments against intensive users required assessment reductions against less intensive users and that the village's assessment method was unreasonable as a matter of law. We need not defer to the trial court's conclusion of law. *Herwig v. Enerson & Eggen,* 98 Wis. 2d 38, 39, 295 N.W.2d 201, 203 (Ct. App. 1980).

Reasonableness is the appropriate standard upon which to review the village's assessment. *Gelhaus,* 144 Wis. 2d at 51, 423 N.W.2d at 181–82. Reasonableness requires that the assessment be made to fairly apportion the cost and may not arbitrarily or capriciously burden any group of property owners. It does not require that the assessment be limited to the benefits received or be made by any specific method. *Id.* The reasonableness of an assessment is a question of law. *Id.* at 51, 423 N.W.2d at 182.

Here, the village has assessed all property owners by the same method. Retail shop owners in the shopping mall are no more burdened than any other property owners. Use is relevant only for additional assessments, not the base rate. In light of the fact that this is a resort community, the lump sum assessment method was reasonably calculated to fairly apportion the cost of the system. We further conclude that use-based additional assessments are also reasonable because they are reasonably calculated to increase the cost to certain intensive users of the system after a fair and not disproportionate base assessment was made against all property owners. The village assessed all property owners under the same method, which did not result in a disproportionate cost

burden on the Mariner shop owners, and thus was not arbitrary or capricious. Accordingly, we conclude that the assessment method was reasonable as a matter of law. *See Gelhaus,* 144 Wis. 2d at 51, 423 N.W.2d at 182.

*By the Court.*—Judgment reversed.