Suzanne E. DRAEGER, Plaintiff-Respondent,

v.

Timothy GUTZDORF, and Julie Gutzdorf,
Defendants-Appellants.

Court of Appeals

*No. 90–0643–FT. Submitted on briefs June 26, 1990.—Decided
November 8, 1990.*

(Also reported in 465 N.W.2d 204.)

For the defendants-appellants the cause was submitted on the brief of *Ronald W. Ziwisky* of Watertown.

For the plaintiff-respondent the cause was submitted on the brief of *Steven J. Luchsinger* of Watertown.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J.    This is an appeal from a judgment granting a prescriptive easement to Suzanne Draeger over lands owned by the Gutzdorfs. The issue is whether Draeger's use of the disputed land was permissive or adverse. Because we agree with the trial court's conclusion that Draeger's use of the property was adverse, we affirm.

Prior to 1944, Edmund Else owned two adjoining houses, one located at 217 East Water Street, and one located at 219 East Water Street, in Watertown. Facing the front of the houses, 217 is on the left and 219 is on the right. Else maintained one driveway at 219 East Water Street leading to a rear yard garage. About half way between the street and the garage, a second drive-

way branched out to the left to service a garage at 217 East Water Street. It was therefore necessary to travel on 219's driveway to reach 217's garage.

In 1944, Else sold 217 East Water Street to one of Draeger's predecessors in title, and in 1945, he sold 219 to one of the Gutzdorfs' predecessors in title. Draeger acquired 217 in 1975 and the Gutzdorfs acquired 219 in 1977.

In 1987, the Gutzdorfs placed 4 × 4's and railroad ties along the property line separating 219 from 217, blocking Draeger's access to her garage. Draeger began this action to establish her right to a prescriptive easement over the Gutzdorfs' driveway. The trial court held in her favor, and the Gutzdorfs' appeal.

The facts are undisputed. Therefore, only a question of law remains. *State v. Wilke,* 152 Wis. 2d 243, 247, 448 N.W.2d 13, 14 (Ct. App. 1989). We review questions of law *de novo. Village of Egg Harbor v. Mariner Group, Inc.,* 156 Wis. 2d 568, 573, 457 N.W.2d 519, 521 (Ct. App. 1990).

One must show the following elements to establish an easement by prescription: "(1) adverse use that is hostile and inconsistent with the exercise of the title-holder's possessive rights; (2) which is visible, open, and notorious; (3) under an open claim of right; (4) and is continuous and uninterrupted for twenty years." *Mushel v. Town of Molitor,* 123 Wis. 2d 136, 144, 365 N.W.2d 622, 626 (Ct. App. 1985).

A use of an easement for twenty years, if unexplained or uncontradicted, is presumed to be adverse and under a claim of right. *Ludke v. Egan,* 87 Wis. 2d 221, 230–31, 274 N.W.2d 641, 646 (1979). Though Draeger purchased the property in 1975, her use was the same as

her predecessors in title. Thus, their adverse possession may be tacked onto Draeger's to satisfy the requirement of twenty years adverse possession. *Lindl v. Ozanne,* 85 Wis. 2d 424, 428, 270 N.W.2d 249, 251 (Ct. App. 1978); sec. 893.28(1), Stats.

The use of the driveway was originally permissive since Else, the owner, could not maintain an adverse use against himself. *See Miller v. Hoeschler,* 126 Wis. 263, 266-67, 105 N.W. 790, 791 (1905). The Gutzdorfs contend that Else's common ownership of the lots prior to 1944 establishes that the successors' use of the driveway was permissive. They rely upon *Lindokken v. Paulson,* 224 Wis. 470, 272 N.W. 453 (1937), where the court said:

> The law is very rigid with respect to the fact that a use permissive in the beginning can be changed into one which is hostile and adverse only by the most unequivocal conduct on the part of the user. The rule is that the evidence of adverse possession must be positive, must be strictly construed against the person claiming a prescriptive right, and that every reasonable intendment should be made in favor of the true owner.

*Id.* at 475, 272 N.W. at 455 (citations omitted).

It is undisputed that Else has had no interest in either property for over forty years. *Lindokken* did not involve a claim arising from a joint grantee, but instead was a dispute over expansion of a narrowly drawn easement to uses not described in the easement. We reject the Gutzdorfs' assertion that *Miller* and *Lindokken,* read together, place the burden on Draeger to show that Else's original permissive use of his own properties had become adverse as to subsequent users.

We think the reasoning of *Lindokken* is persuasive:

> The entry of the plaintiff and his predecessor in title being under permit, the use which was made was referable to the permit. It did not become hostile or adverse until the plaintiff brought home to the defendant the fact that he was no longer acting under the permit. Mere [use] in the accustomed manner did not do that.

*Id.* at 478, 272 N.W. at 456.

Draeger and his predecessors' use of the Gutzdorfs' driveway could not help but bring home that they were asserting a right to use the driveway. The use was adverse. This use existed ever since Else sold both properties in 1945, far longer than the twenty years required. Were the Gutzdorfs correct that the existence of a joint grantor precludes a finding of adversity, prescriptive easements would be rare; title to much land was originally in a single grantor—the United States Government.

■ We agree with the trial court that Draeger is entitled to a judgment establishing a prescriptive easement over the Gutzdorfs' driveway.

*By the Court.*—Judgment affirmed.

GARTZKE, P.J. *(dissenting).* This is not a case of an unexplained use of property which gives rise to an easement by prescription. The explanation is simple. Before the common owner conveyed the two parcels to the predecessors in title of the parties to this lawsuit, the common owner permitted his adjoining tenants to use the driveway. That is a permissive use. No new evidence is offered that the use changed. I would reverse.