William Trussoni and Gary Venner, Plaintiffs-Respondents,
Gregory M. Lunde, Respondent,
v.
Fred J. Pedretti, Defendant-Appellant.
No. 03-2981-FT.
Court of Appeals of Wisconsin.
Opinion Filed: April 29, 2004.
Before Deininger, P.J., Vergeront and Lundsten, JJ.
¶1 PER CURIAM.
Fred Pedretti appeals an order denying him costs and attorney fees on the grounds of frivolousness.[1] He seeks an award against the plaintiffs, William Trussoni and Gary Venner, and against their attorney in the proceedings, Gregory Lunde. We affirm the order insofar as it denies costs against Trussoni and Venner. We reverse the order denying costs and fees against Lunde, and remand for entry of judgment against him.
¶2 Venner owns, and Trussoni has offered to buy, a landlocked piece of property. Access to a road is available across the adjacent property that Pedretti owns. However, Pedretti has refused the use of his land for access to Venner's property. Consequently, Trussoni and Venner brought this action seeking a judgment declaring an easement across Pedretti's land. The trial court dismissed the complaint on summary judgment, holding that under the undisputed facts and applicable law, no easement under any legal theory was available.
¶3 Pedretti then moved for costs and attorney fees against the plaintiffs on the grounds of frivolousness and served a copy of the motion on Lunde by mail. Pedretti subsequently served a brief in support of the motion on Lunde. However, neither the plaintiffs nor Lunde made an appearance at the hearing on the motion, and the trial court granted costs and fees, in default, against Trussoni and Venner.
¶4 Several days later, Pedretti mailed Lunde a notice of entry of the order on costs and attorney fees. Lunde responded with a motion to reopen, asserting non-service of the motion. The trial court granted Lunde's motion and reopened, stating that "I think the court has the discretion and has to accept counsel's representation that he didn't get [the motion]."
¶5 After a hearing on the merits of the motion, the trial court held that Trussoni and Venner were not liable for costs and attorney fees on the grounds of frivolousness because they relied in good faith on Lunde's advice. The court also held that Lunde was not liable.[2] Although the trial court believed that the applicable law clearly barred the easement claim, the court noted that "even what seems to be the clearest case is often, however, subject to being distinguishable." The court therefore concluded that Lunde had a good-faith basis to bring the action to argue for an extension or change in the law.
¶6 The issues on appeal are whether the trial court erred by granting Lunde's motion to reopen the default order, and whether the court erred by subsequently denying an award of costs and attorney fees against Lunde. Pedretti does not challenge the merits of the decision to deny costs and fees against Trussoni and Venner.
¶7 The trial court's decision to reopen a judgment will not be reversed unless the court erroneously exercises its discretion. See Franke v. Franke, 2004 WI 8, ¶54, ___ Wis. 2d ___, 674 N.W.2d 832. We will affirm an exercise of discretion if the record shows that the trial court relied on facts of record and the proper legal standards to reach a reasonable conclusion. See Nehls v. Nehls, 151 Wis. 2d 516, 518, 444 N.W.2d 460 (Ct. App. 1989).
¶8 The trial court stated the following as its reasons for reopening the frivolousness judgment:
My understanding of the law is that ifwhen it's first class personal mail, it's presumed to have been received unless the party, who in this case is an attorney, says I didn't get it, then I have to reopen it.... I think the court has the discretion and has to accept counsel's representation that he didn't get it.
Pedretti construes these comments as "blindly following" a non-existent rule of law. We disagree. Implicit in the trial court's ruling is a determination that Lunde told the truth when he said he did not receive the motion. It is this underlying credibility determination that determined the outcome, not the court's reliance on a mistaken belief that a mere allegation of non-service is sufficient. Consequently, it was a reasonable exercise of discretion to excuse the default.
¶9 However, we conclude the trial court erred by denying costs and attorney fees against Lunde. The trial court may award frivolousness costs and attorney fees against an attorney representing a party if the attorney knew or should have known that the action was without any reasonable basis in law or equity and could not be supported by a good-faith argument for an extension, modification, or reversal of existing law. WIS. STAT. § 814.025(3)(b). The determination as to what a particular attorney should have known is judged by what a reasonable attorney would have known in the same circumstances. Rabideau v. City of Racine, 2001 WI 57, ¶46, 243 Wis. 2d 486, 627 N.W.2d 795. What a reasonable attorney should have known, on the facts of a particular case, is a question of law we decide without deference to the trial court. Id.
¶10 Here, the only potentially viable theories Trussoni and Venner could have pursued were an easement by prescription or an easement by necessity. An easement by prescription requires hostile use of land. Mushel v. Town of Molitor, 123 Wis. 2d 136, 144, 365 N.W.2d 622 (Ct. App. 1985). To establish an easement by necessity, a party must show common ownership of the properties before creation of the landlocked parcel. Schwab v. Timmons, 224 Wis. 2d 27, 37-38, 589 N.W.2d 1 (1999). In this case, a reasonable attorney could have readily ascertained before filing the complaint that there was neither prior hostile use nor prior common ownership. The trial court denied Pedretti's motion only because it concluded that Lunde could reasonably argue an exception to the prior common ownership rule for an easement by necessity. However, the rule that requires prior common ownership, as stated in Schwab, is clear, straightforward, and long standing. There is no reasonable basis in law to argue for modification of that rule. Pedretti is therefore entitled to costs and reasonable attorney fees from Lunde.
¶11 Our decision on the merits makes it unnecessary to decide Pedretti's motion for summary disposition based on Lunde's failure to file a brief or otherwise participate in the appeal. Trussoni and Venner are entitled to WIS. STAT. RULE 809.25(1) costs against Pedretti. Pedretti may tax RULE 809.25(1) costs against Lunde.
By the Court.  Order affirmed in part; reversed in part and cause remanded with directions.
NOTES
[1] This is an expedited appeal under WIS. STAT. RULE 809.17 (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Pedretti's motion sought costs only against Trussoni and Venner, and it is not clear from the record why Lunde did not object at the hearing when Pedretti sought costs from him, as well.